JAMES HARRINGTON, Appellee, v. J. C. HUBINGER, Appellant.

Argument on Appeal: FAILURE TO SERVE IN TIME. Under supreme court rule 39, requiring that in actions at law the appellant shall serve copies of his brief on attorney for appellee thirty days before the date when the cause is assigned for hearing, and that on failure so to do the party not in default may have a continuance or have the case submitted on the papers filed at the time of default, where appellant from a judgment at law fails to serve copies of his argument until within two weeks of the time when the appeal was set for hearing, and appellee asks that the appeal be submitted on the papers on file when the default occurred, the judgment below must be affirmed.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

TUESDAY, OCTOBER 9, 1900.

ACTION at law to recover attorney's fees. Trial to a jury. Verdict and judgment for the plaintiff, and defendant appeals.—*Affirmed.*

*John E. Craig* and *T. H. Johnson* for appellant.

*Hamilton & Hamilton, W. J. Roberts, B. A. Dolan,* and *James Harrington* for appellee.

PER CURIAM.—Section 39 of our rules provides, in substance, that in law actions the appellant shall, at least thirty days before the time the case is assigned for hearing, serve upon each attorney for appellee copies of his brief and argument; appellee, if he desires to be heard, must, at least ten days prior to the hearing, serve on appellant copies of his argument; and, if appellant desires to reply, he must serve his argument three days before the case is finally submitted.

The rule concludes: "A failure to comply with the above requirements will entitle the party not in default  *   *   * to a continuance, or to have the case submitted at his option upon the brief and argument on file when the default occurred." This case was assigned for hearing on the first day of the present term, to-wit, on the second day of October, and was called on that day, and by appellee asked to be submitted under rule 39, claiming that appellant was in default, and that he was entitled to have the case submitted on the record as it appeared September 2, 1900. Appellant objects to the submission, but files no sufficient showing in support of his resistance. The facts are that the abstract was served September 18, 1899, and filed the next day. June 16, 1900, appellee served an amended abstract, that was filed June 18th. Appellant then served a denial abstract, June 21, 1900, that was filed June 23d. Appellant then prepared his argument, that was served September 19, 1900, and filed the next day. This argument was due not later than September 2d, and appellant was clearly in default, under rule 39. As appellant was in default, and no sufficient excuse is shown for his delay, there is but one thing to do, and that is give effect to appellee's option and take the submission on the papers filed on September 2d. So submitted, the case comes to us without argument for appellant. In law actions all errors not argued are deemed waived, and without argument we do not consider such cases, except for the purpose of making final disposition thereof. Appellant's motion for a continuance is overruled, and the judgment of the district court is AFFIRMED.

GRANGER, C. J., not sitting.