W. E. CALDWELL COMPANY v. STECKEL AND SON, Appellants.

**Sales: ESTOPPEL.** The fact that the buyer of three water tanks, under a contract specifying a certain sum as the price of all, rather than each, accepted the tanks with knowledge that the seller claimed the sum specified was for each tank, did not estop the buyer from insisting on the contract price.

**Appeal: DELAY IN FILING ARGUMENT.** Slight delay in service of argument, which works no prejudice and for which a reasonable excuse is shown, will not support a motion to disregard it on appeal.

*Appeal from Davis District Court.*—HON. M. A. ROBERTS, Judge.

WEDNESDAY, JUNE 2, 1909.

REHEARING DENIED FRIDAY, SEPTEMBER 24, 1909.

ACTION to recover the price of three cypress tanks; plaintiff claiming it was to be $30.45 each, and defendants that that sum was the price for all three. From judgment as prayed the defendants appeal.—*Reversed.*

*Taylor & Ramseyer,* for appellants.

*T. P. Bence,* for appellee.

LADD, J.—On the former appeal (135 Iowa, 117) the contract was adjudged to be ambiguous, and its meaning, whether a purchase of three tanks for $30.45 as claimed by defendant, or for that sum each as contended by plaintiff, to be a matter appropriate for the determination of the jury. That issue was submitted at the last trial; but in the fifth instruction, after directing the verdict to be returned in event the contract price was to be but $30.45 for the three, the court added: "Unless the plaintiffs have also shown by the greater weight or preponderance of the evidence that the attention of the defendants was called to the fact that plaintiffs were claiming $30.45 for each of said tanks and equipments under said contract before said tanks were received and appropriated by defendants. But if the plaintiffs have thus shown that at the time the defendants accepted and appropriated said tanks they or any one of the defendants knew that the plaintiffs were claiming the contract price to be $30.45 each, then, when defendants accepted and appropriated said tanks, they became obligated to pay $30.45 for each, instead of $30.45 for all. And if you so find you will find for plaintiffs in the full amount claimed, less the freight paid by defendants."

As appears in the correspondence set out in the former opinion, the tanks were to be delivered on board of cars at Louisville, Ky., with freight allowance. When this was done, an invoice or bill of lading indicating the price to be $30.45 for each tank was mailed to defendant, who received it about the time the tanks reached Bloomfield and Paris, and notwithstanding this accepted and used the tanks, though calling plaintiff's attention to the difference in price. These circumstances were mentioned in the former opinion as being significant, as bearing on the meaning the parties attached to the contract included in the correspondence closing with plaintiff's letter of May 17th, a month prior to the arrival of the goods. If the price of all three tanks was to be $30.45, we are unable to understand on what theory receiving the tanks thereunder with knowledge that plaintiff claimed more can be said to estop defendant from insisting on the price agreed upon. Surely plaintiff is not prejudiced thereby, for it was not deprived of the compensation for which it made sale, and the defendant acquired nothing to which it was not entitled. The instruction was erroneous.

1. SALES: estoppel.

II. The appeal herein was perfected September 11, 1908, abstract filed November 16th following, and appellants' argument April 7, 1909, a few days less than thirty days before the beginning of the May term of court. Appellee moved that the cause be submitted on papers on file April 5, 1909, and unless some reasonable excuse for the delay appears this should be done and the judgment affirmed. *Harrington v. Hubinger,* 112 Iowa, 90; *Buehner v. Creamery Package Co.,* 124 Iowa, 445. Because of the circumstances disclosed, the death of the father and mother of counsel having charge of the case shortly before the time for filing the argument, we are inclined to overrule the motion. Appellee's argument, accompanying the motion and subject

2. APPEAL: delay in filing argument.

to the ruling thereon, was filed eight days after that of appellant, so that the delay of a few days could not have been prejudicial.—*Reversed.*