B. I. SALINGER, Appellee, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

**Telegraphs:** NEGLIGENCE: DAMAGES: EVIDENCE. In this action for
1  negligent delay in the transmission and delivery of a telegram plaintiff's direct examination touching his damages only purported to state approximately his expense items, one of which was a

claim for railroad fare. *Held,* that on cross-examination he should have been permitted to state whether he actually paid out any money for transportation or whether he rode on free transportation, and whether the amount stated was what he supposed the actual fare was, or was the expense actually incurred, as tending to test his knowledge of and opportunity to know what the fare actually was.

**Same.** In an action for damages for unreasonable delay in the transmission and delivery of a telegram, the plaintiff not only has the burden of showing delay but in proving his damages also. And even though the evidence is sufficient to warrant a verdict, still, the amount of recovery is a question for the jury; especially where, as in this case, the damage claimed included an item for the value of plaintiff's time in a stated employment and it was not clear that he was thus employed; and especially where the item of damage was the subject of expert evidence which is not conclusive although uncontradicted.

The evidence in this action is held insufficient to warrant the court in directing a finding for plaintiff as to the amount of his damage.

**Appeal on certificate:** SUFFICIENCY OF CERTIFICATE AND ABSTRACT. Although the statute provides that the certificate in cases of appeal involving less than one hundred dollars shall be made by the trial judge, still, where it appears from the abstract that the certificate was made by the judge while sitting as a court there is a sufficient showing of compliance with the statute. But if this were not so the abstract in the instant case not only states that the court signed the certificate but it sets out the certificate in full which purports to be signed by the judge and is therefore sufficient.

**Telegraphs:** NEGLIGENCE: DAMAGES RECOVERABLE. Where a cause of action against a telegraph company has fully accrued, expenses reasonably necessary and constituting part of plaintiff's damages may be recovered, although incurred after his claim was served on the telegraph company as required by the statute.

**Appeal:** MOTION FOR AFFIRMANCE: SERVICE OF ARGUMENT. A motion for affirmance for failure of appellant to serve his argument in time should be made before the original submission of the cause, and when filed with the petition for a rehearing after the opinion has been rendered on the original submission, it will not be considered.

**Same:** FAILURE TO SERVE ARGUMENT: EFFECT. Although a failure of appellant to serve his argument in time would furnish an excuse for the failure of appellee to file his argument in answer to it,

it would not be an excuse for failure to ask an affirmance on account thereof before the original submission.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, MAY 14, 1910.

ACTION to recover damages resulting from the negligence of defendant in failing to transmit and deliver a telegram addressed to plaintiff. Verdict and judgment for plaintiff for $95, from which defendant appeals; the judge or court granting a certificate of appeal on defendants' request.—*Reversed.*

*Lee & Robb,* for appellant.

*B. I. Salinger, pro se.*

PER CURIAM.—Plaintiff alleges that on the 9th of February, 1903, he sent a message by defendant's line from Milwaukee to one Korte, at Carroll, Iowa, which was also plaintiff's place of residence, in this language, "Wire quick how soon I must be home," and in response to this message Korte delivered to the defendant company for transmission to plaintiff, at Milwaukee, a telegram, advising him that he need not be at home in Carroll until noon of Wednesday, February 11, 1903; that the said message was, through the negligence of defendant, either never transmitted at all, or not delivered to plaintiff at the destination indicated; that plaintiff had unfinished business in the cities of Milwaukee and Chicago, and also causes pending in the district court at Carroll, and sent his message to ascertain whether he might finish his business in said cities, and still have time to reach Carroll to attend the management of said causes; that, failing to receive any answer, he was greatly worried and men-

tally disturbed, and obliged for safety's sake to return to Carroll before finishing his business in said cities; that, if he had received the answer sent by Korte, he could have finished his said business, and would have been free from mental anxiety; that he has since been obliged to return to said cities to finish said business, which would have been unnecessary if the said message had been transmitted and delivered to plaintiff; that by reason of the premises he has been damaged in the sum of $99.75; and that on February 16, 1903, he filed with defendant a written demand and statement of claim against defendant, in which defendant was advised of the nondelivery of the message, and on account of not getting it he came home without finishing his business, and "will have to return for that purpose."

The plaintiff was examined as a witness in his own behalf. He testified that, after arranging his matters in court at Carroll, he returned to Milwaukee to finish up his business there. As bearing on the measure of his damages, he testified as follows: "A. I think the railroad fare was about $15 each way. The sleeping car fare between Chicago and Carroll was $2.50 each way. And on the way home I couldn't say exactly what the meals cost, probably $1.50 for the trip. Two meals to eat. (Defendant moves to strike out the answer of the witness for the reason it is incompetent, irrelevant, and immaterial, not a proper measure of damages in this case, and it is not what the fare would be, but what he had to pay. Motion overruled. Defendant excepts.) Q. Now, you were compelled to return to Chicago and Milwaukee after that to finish your business? (Defendant makes same objection. Same ruling, and defendant excepts.) A. I was compelled to return and finish my business, and did so. As soon as I got home, I found out that this answer had been sent. As soon as I got things straightened up, I returned. The fare to Milwaukee was something like

$15, and the sleeping car fare was $2.50, and the meals cost on each particular trip probably $1.50 each way. (Defendant moves to strike out the evidence of the witness here upon the question as to what the railroad fare and sleeping car fare was, as the response being the fare. was so much, and not being as to what he actually paid for the trip. The fare is not the measure of damage, but the actual outlay by himself. Motion overruled. Defendant excepts.) A. I have not said that I was compelled to pay $15 railroad fare, $2.50 sleeper fare, and $1.50 for meals coming this way. Q. Say what it should be. (Same objection. Same ruling. Defendant excepts.) A. I said I was compelled to make one useless round trip between Carroll and Milwaukee, and that the round trip fare was something like $30, and that the sleeping car fare was something like $5. The meals on the road simply on the round trip would be something like $3. But that item I can not tell exactly because I can not tell what hour exactly I made the second useless trip." He also testified that the return to Milwaukee consumed two days' time. As to the value of his time, he testified as follows: "At that time, court being in session, and my time to anybody and myself included was worth at least $25 a day." All the foregoing testimony was received over abundant objection by the defendant. On cross-examination he testified that he was not attending court in Milwaukee, and the "matters in this court were disposed of when I went back." On cross-examination defendant propounded to the witness the following questions: "Q. Now, isn't it a fact, Mr. Salinger, that in the matter of railroad fare that you didn't pay out any money, but rode on transportation? Q. Isn't it a fact, Mr. Salinger, that you didn't pay out any money in your trip coming and going on the railroad? Q. The amounts that you have given here in response to your counsel's interrogatories as to what was expended, you were merely giving

as what you suppose the actual fare for the trip, and not
any expenses actually incurred." To each of these ques-
tions the plaintiff interposed an objection as incompetent,
irrelevant, and immaterial, and not cross-examination, and
this objection was sustained as to each.

I. The plaintiff was the only witness in his own be-
half, and substantially all of his testimony has been set
forth above. The defendant introduced no evidence. The
trial court instructed the jury as follows: "The negli-
gence of the defendant having been established, you are
further instructed that under the undisputed testimony
the plaintiff is entitled to recover at least the sum of
$88.75, and your verdict must be for the plaintiff, and
not less than $88.75. You should also allow the plaintiff
such further damages as the evidence may show you re-
sulted to him from mental worry due to defendant's negli-
gence. But since plaintiff does not claim more than
$99.75 in all, therefore you can not allow more than $11
for the said alleged worry. Your verdict must be for
the plaintiff. It must not be less than $88.75 and can
not be greater than $99.75."

The appellant complains of the rulings of the court
as above indicated and of these instructions which were
duly excepted to. The points involved are so connected
that we will consider them together. We
will direct our first attention to the attempt-
ed cross-examination of the plaintiff as to
what, if anything, he actually paid in the way of expenses.
Appellants' argument is partly based upon the assumption
that the manifest purpose of the cross-examination was to
show that the plaintiff traveled upon a free pass, and
that therefore the cross-examination should have been per-
mitted. It is argued by appellee that there is not a sug-
gestion contained in the record proper that he traveled
upon a free pass, and that this assumption is unwarranted.
It is argued that the word "transportation," which was

1. TELEGRAPHS:
negligence:
damages:
evidence.

used in the cross-examination, does not necessarily import free transportation. It is also argued that such an act on his part would have been a violation of the interstate commerce act and therefore criminal, and that we should not indulge in a presumption of criminality as a basis for a review of the record. For the sake of the discussion, let appellee's contention be conceded. The proposed cross-examination was nevertheless clearly permissible. The plaintiff in his direct examination only purported to state approximately the usual fare. It was stated in round numbers as "something like." The proposed cross-examination fairly tended to test the knowledge of the witness, and his opportunity to know what the actual fare was. If the word "transportation" may be construed as something more than a free pass, it might also be construed as something less or other than regular fare. It might be applied to an excursion rate, and this might be less than the fare as testified to by the plaintiff. From any point of view, we see little justification for the trial court's refusal of the cross-examination. However, just what the answers to such cross-examination might have disclosed is a question so problematical and uncertain that we would hesitate to reverse on account thereof.

But the trial court not only emphasized the error in his instructions, but quite supplanted the jury in his peremptory direction that their verdict must be for the plaintiff and for not less than $88.75. The only warrant for this direction was that the plaintiff testified to the items above indicated and to the loss of two days' time at $25 a day. The burden was upon the plaintiff to prove not only the unreasonable delay on the part of the defendant in the delivery of the message, but his measure of damage also. Granted that his testimony was sufficient and abundant to warrant the jury in rendering the verdict which the court directed, the question was nevertheless a jury question. This is particularly

2. SAME.

true as to the value of the lost time. Not that the amount of the claim for lost time was so extraordinary as contended by appellant, but the answer of the plaintiff as a witness did contain the implication that $25 per day was fixed upon as the value of his time while in court. His cross-examination discloses the fact that he was not engaged in court on his Milwaukee trip, and that he finished his court business at Carroll before the trip was made. It is a matter of common knowledge that attorneys do make a distinction between the value of their time and service in court as compared with time and service while out of court, and this distinction is implied in the plaintiff's testimony. There is the further consideration that items of this kind must be proved by opinion evidence, and such opinions are in the nature of expert opinions. We have always held that juries are not bound by them, even though they be uncontradicted. Assuming, therefore, that the evidence was sufficient to warrant the jury in accepting it, it was not such as to warrant the court in directing a peremptory finding thereon. *Chicago, A. & N. Ry. Co. v. Whitney*, 143 Iowa, 506.

II. The amount involved in this case is less than $100. It comes to us on a certificate of the trial judge under section 4110, Code. Appellee assails the sufficiency of such certificate, or, rather, the sufficiency of the showing in the abstract that a proper certificate was made. It is claimed that the abstract discloses that the certificate was made by the "court;" whereas, the statute requires it to be made by the "trial judge." The basis for this contention is that the judgment entry in the case contained the following statement: "Defendant is granted a certificate of appeal." The abstract also contains a statement that "the court before whom the said cause was tried signed a certificate," etc. It is argued that the statute makes a distinction between the terms "court" and

3. APPEAL ON CERTIFICATE: sufficiency of certificate and abstract.

"judge," and this is undoubtedly so. A "judge" is not necessarily a "court," although a "court" necessarily includes the "judge." If the statute had required the certificate to be made by the court, it might be more plausibly argued that it was not sufficient that such certificate be made by a judge. The converse of this argument is not so plausible. If an act is required to be performed by the "judge," we see no reason why it may not be lawfully performed by such judge while sitting as a "court." Be that as it may, the further statement of the abstract quite cuts the ground from under the contention of appellee. The abstract not only states that the court signed a certificate, but it sets out the certificate in full, and this certificate purports to be signed by "Z. A. Church, Judge." This certificate complies with every formal requirement of the statute, and the abstract avers that it was duly filed in the cause. We think it was sufficient.

III. The defendant moved in the court below for a dismissal of plaintiff's case on the ground that the alleged expense incurred by him did not accrue until after

**4. TELEGRAPHS: negligence: damages recoverable.** he served his written claim under the provisions of section 2164 of the Code, and it presents the same question here. The alleged tort of defendant occurred on February 9th. Plaintiff returned home on February 10th. His written claim or demand was served upon defendant on February 16th. His return trip to Milwaukee occurred afterwards. The loss of time and expense of this trip furnished the larger part of plaintiff's measure of damage. We think the point is without merit. The provision of the statute is that such a claim must be made "within sixty days" after the cause of action accrues. We are not prepared to say that the service of such claim would have been premature even though plaintiff's cause of action had not fully accrued, provided the tort of the defendant was complete. In this case the necessity for such extra trip back to

Milwaukee as a result of the alleged tort created a liability on the part of the defendant to the plaintiff for the loss of time and expense reasonably necessary to accomplish it.  Its liability for such necessary trip was neither more nor less after it was actually made than it was after it was rendered necessary, although the method of proof would be different.  Future expenses reasonably necessary to be . incurred often form a part of the measure of damages.

IV.  The appellee has filed a motion for affirmance of the judgment on the alleged ground that appellant failed to serve his argument upon him within the time provided by the rules of the court.  This motion was not filed prior to the original submission of the case.  It was filed only after an opinion had been handed down after the original submission, and was filed simultaneously with the petition for a rehearing.  Under such circumstances, the appellee is not entitled to a consideration of his motion.  If he desired to ask an affirmance upon such ground, he should have asked it before the original submission.  If his contention be true that proper service of appellant's argument was not made upon him within the time provided by the rules, such failure was in no sense jurisdictional.

5. APPEAL:
  motion for
  affirmance:
  service of
  argument.

There is an issue between the parties as to whether service of appellant's argument was made.  Assuming that it was not, such failure would furnish abundant excuse for the failure of appellee to file an answering argument.  In such case he could not be deemed to know that there was any argument ·on the part of appellant to be answered.  But such alleged failure on the part of appellant furnished appellee no excuse for failure to ask an affirmance on account thereof before the original submission.  The submission of the case was taken in ordinary course.  The appellee knew then, as well as he knows now, that. appel-

6. SAME:
  failure to
  serve argu-
  ment: effect.

lant's argument had not been served upon him. Nor is he in any position now to complain of a want of opportunity to make argument on his own part. The granting of a rehearing necessarily annulled the former opinion and afforded appellee an opportunity for argument, and he has fully availed himself thereof. We will not, therefore, undertake to determine whether the attempted service of appellant's argument was legally sufficient or not.

V. Whether the customary fare can be regarded as an item of damages where plaintiff has traveled upon a free pass is a question upon which we reserve opinion. On some phases of it we are not wholly agreed. In view of the great doubt whether it fairly arises upon this record, we prefer to leave it as an open question for future consideration in a proper case.

For the errors already noted, the judgment entered below must be *reversed*.