LAWRENCE W. COCHBURN v. HAWKEYE COMMERCIAL MEN'S ASSOCIATION, Appellant, and P. F. NUGENT, Intervener and Appellee (Consolidated with P. F. Nugent, Appellee v. Hawkeye Commercial Men's Association, Appellant).

**Appeal:** BRIEF: FAILURE TO FILE IN TIME. Appellant's brief will not be dismissed because of failure to file in time, where a proper excuse is presented and no prejudice resulted from the delay.

**Pleadings:** VERIFICATION. Upon failure to verify the original petition a petition of intervention need not be verified.

**Actions:** INTERVENTION: MOTION TO STRIKE: PREJUDICE. Where it appeared in an action upon an insurance certificate that after its commencement intervener filed his petition claiming under an assignment from plaintiff, which was known to defendant, a motion to dismiss the action because of a subsequent settlement between plaintiff and defendant was properly overruled as to the intervener, although sustained as to plaintiff; and while it may have been irregular to permit the petition of intervention to stand after the commencement of his independent action involving the same facts, still upon a consolidation and trial of the petition of intervention with the new action, without objection, a refusal to strike the intervention, if erroneous, was not prejudicial.

**Insurance:** ACTION BY ASSIGNEE: VENUE: STATUTE. The statute determining the place of bringing actions against insurance companies applies to accidental associations. Under this statute the assignee of the proceeds of an accident certificate may bring an action thereon in the county where the insured resided at the time of the loss.

**Same:** KNOWLEDGE OF ATTORNEY: IMPUTATION TO CLIENT. Knowledge or notice of facts acquired by the general attorney of an insurance association, and relating to the subject matter of litigation of which he has charge, is in law the knowledge of or notice to the association.

**Same:** KNOWLEDGE OF OFFICIALS: IMPUTATION TO CORPORATION. Where the alleged director of an accident association produced a printed copy of the by-laws of the association on which his name appeared as director, the authority of which was not denied, and he testified that he attended a meeting of the directors at which the assignment of a claim against the association was considered, there was sufficient evidence of his official connection with the association to impute his knowledge of the assignment to the defendant.

**Same:** EVIDENCE: PRIVILEGED COMMUNICATIONS. The evidence of the attorney for an accident insurance association, sought for the purpose of identifying a printed copy of the by-laws of the association, is not privileged.

**Same:** CONTRADICTORY EVIDENCE. A party is not permitted to impeach his own witness, but he is not absolutely bound by every thing

the witness may say. He may show a different state of facts by other witnesses, and their credibility is for the jury.

Same: EVIDENCE: PAIN AND SUFFERING. The admission of evidence of pain and suffering, in an action upon an accident policy for lost time at a liquidated sum per week, was not erroneous, where the court limited its consideration to the extent of the injury and consequent disability.

Same: ORAL EVIDENCE OF CONTENTS OF WRITING. Where it appeared that the written assignment of the claim under an accident insurance certificate had been sent the company, and it had been notified to produce the same at the trial, which it failed to do, oral evidence of its contents was admissible.

Same: EVIDENCE: VARIANCE. Where the original claim under an accident certificate was for the loss of an eye fixed at a stated sum, and suit was afterwards brought for injury to the eye resulting in disability for a stated period, the admission in evidence of the preliminary proofs claiming a loss of the eye was not erroneous; as the basis of the claim was for the injury, the measure of recovery should be determined by the evidence of its extent.

Same: ASSIGNMENT OF INSURANCE: EVIDENCE: INSTRUCTIONS. Where the assignee of an accident certificate testified that the assignment directed the association to pay him the amount coming to the insured under the certificate, and insured testified that it was to enable the assignee to collect for the loss of an eye, but finding his injury not so great as first anticipated he changed his claim to correspond with the actual injury, claiming disability for a stated period, the scope of the assignment was for the jury, and was properly submitted under instructions to find that there had been an assignment of the right to recover under the certificate and that the association had timely notice of the assignment.

*Appeal from Webster District Court.*—HON. C. E. ALBROOK, Judge.

MONDAY, NOVEMBER 17, 1913.

ACTION on certificate of accident indemnity. From a verdict and judgment for P. F. Nugent, plaintiff and intervener, defendant appeals.—*Afflrmed.*

*Bradford & Johnson,* and *Healy & Healy,* for appellant.

*Kelleher & O'Connor,* for appellee.

*P. F. Nugent, pro se.*

WITHROW, J.—I. This action was originally brought by Lawrence W. Cochburn to recover benefits under a certificate or policy of accident insurance, as a member of the defendant association, the appellant. The accident ocurred September 22, 1908, and when suit was brought August 30, 1909, benefits were claimed for the period extending from September 22, 1908, to March 25, 1909. Afterward P. F. Nugent intervened, claiming to have acquired by assignment the cause of action in suit, following which on motion of the defendant the suit of Cochburn was dismissed because of a settlement made between the parties to the action, plaintiff and defendant, prior to the time of the intervention. The intervener claimed that the settlement had been made with knowledge of his rights, and was not binding upon him, and following the dismissal of the main action he filed petition in the case of Nugent v. Hawkeye Commercial Men's Association, based upon the same claim of right as pleaded in his petition of intervention. There was a consolidation of the two proceedings, trial to a jury, resulting in a verdict for the plaintiff, Nugent. The defendant appeals. The facts so far as they have bearing upon the errors assigned will appear in the opinion.

II. Before entering upon the merits of the appeal, we consider a motion to dismiss or affirm, filed by the appellee, based upon the alleged failure of appellant to serve its brief and argument within the time required by the rules of this court. In resistance to the motion the appellant, while conceding that there was a failure of strict compliance with the rule as to time, by affidavit of counsel shows such a state of facts which

1. APPEAL: brief: failure to file in time.

justifies a relaxation from the severe penalty of a dismissal, as there is not shown to have been any prejudice resulting from the delay. *Bennett v. Emmetsburg,* 138 Iowa, 70; *Caldwell v. Steckel,* 143 Iowa, 564.

III. In his argument counsel for appellant charges error on the part of the trial court in refusing on its motion to strike the petition of intervention for want of verifica-

2. PLEADINGS: verification.

tion. This motion, as we gather from the record, was based upon the claim that the original petition was verified, and that under the statute all subsequent pleadings should have been. The amendment to the abstract shows that the original petition was not verified, and the objection based upon want of verification must fail.

IV. Error is also charged in the refusal of the trial court to strike the petition of intervention, for the reason, as stated in the motion, that the main action between the

3. ACTIONS: intervention: motion to strike: prejudice.

plaintiff and the defendant had been settled before the intervention had been offered. The petition of Cochburn, the original plaintiff, was filed August 30, 1909. It was met by a motion to change the place of trial, and by a demurrer, both of which were overruled. On September 29th the defendant filed its answer, consisting of a general denial, and a denial of the jurisdiction of the court. October 26th P. F. Nugent, claiming to own the cause of action by assignment, filed this petition of intervention. On November 9th the defendant filed a motion to dismiss the action because of a settlement had between it and Cochburn, proof of such settlement being presented with the motion, and on November 10th the motion to dismiss was sustained as against the original plaintiff, and denied as to the intervener. Thereupon the motion to dismiss the petition of intervention was filed, its ground, in addition to that already considered, being that the main action had been settled, and

intervention could not be properly allowed. This motion was overruled on November 10th; exceptions being taken. On November 10th Nugent, intervener in the original action, commenced an action against the appellant based upon the assignment to him, and after issues had been framed, which followed an overruled motion to change the place of trial, the causes of action pleaded in the petition of intervention and in the Nugent petition were consolidated for the purposes of the trial, and this, the record shows, was without objection from the parties.

Support of the position taken by appellant is found in *Henry v. Cass Co. Mill Co.*, 42 Iowa, 33, in which this court held that a voluntary agreement between the parties to an action, by which their claims are adjusted, and the controversy settled, has the effect of a verdict, and when such agreement has been made a third party claiming an interest cannot intervene.

But that case, while stating a correct rule, is not entirely controlling here. The intervener in his petition pleaded that he held under an assignment from Cochburn, of which the defendant, this appellant, had due and full notice. With this claim in the pleadings, it became apparent that whatever may have been done by way of settlement between Cochburn and the appellant, if the latter at the time had notice of an assignment of the claim to Nugent, did not have the effect of disposing of the cause of action, and, while it may have been irregular to have permitted the petition of intervention to stand in the main action, in the face of the subsequent showing in the record that the petition of intervention and the Nugent petition were consolidated without objection, and that they each depended upon the same right, which was tried, the refusal to strike the intervention, if erroneous, was entirely without prejudice.

V. As we have noted in an earlier part of this opinion, error is based upon the refusal of the trial court to change

the place of trial from Webster county to Marshall county.

4. INSURANCE: action by assignee: venue: statute.

.The basis of the motion was that the defendant was a resident of Marshall county, and that the right to sue in the county of his domicile is personal to the assured, and does not pass to an assignee of the assured. Code, section 3499, which provides for bringing actions on contracts of insurance, is as follows: "Insurance companies may be sued in any county in which the contract of insurance was made, or in which the loss insured against occurred, or, in case of insurance against death or disability, in the county of the domicile of the insured at the time the loss occurred, or in the county of plaintiff's residence."

That defendant, as an accident insurance association, is governed by the general rules as to rights and procedure which apply to insurance companies cannot be questioned, and it is therefore bound by the terms of the statute above quoted. The accident for which damages are claimed occurred in Webster county, which was then the residence of the assured. It resulted in disability. In the quoted section such an action may be brought in the county of the domicile of the assured at the time the loss occurred. Giving to the statute its fair interpretation, while the right of an assignee to bring suit in his own county and not the county of the residence of the assured may be the subject of doubt, it is clear that when the jurisdiction is laid in the county of the residence of the assured at the time of the loss, even in an action brought by his assignee, such is within the express terms of the statute. The appellant had not the absolute right to be sued in the county of its residence, although, had the plaintiff so elected, the venue would have been properly laid. While it is claimed that the right granted by the statute is purely personal to the assured, we are of opinion that it may be exercised by his assignee in the place where the assured had the right to sue. The commencement of the action by the assignee in Webster county placed no burden upon the defendant which it would not have had were the suit commenced

by the assured. There was no error in refusing to change the place of trial.

VI. It became material during the trial of the consolidated causes to prove that the defendant had knowledge of the assignment from Cochburn to Nugent prior to the time

5. SAME: knowledge of attorney: imputation to client.

of the settlement between Cochburn and the appellant. It was in dispute whether the claim made by Nugent prior to the settlement was other than that of attorney for Cochburn; the appellant insisting that Nugent assured the attorney of the appellant, who effected the agreement of settlement, that he (Nugent) had no other interest than that of an attorney for Cochburn. This was denied by Nugent, and was properly submitted to the jury under instructions based upon the claim of an estoppel made by the defendant, in which the law was correctly given.

The evidence generally, and the testimony of T. F. Bradford, attorney for the appellant, in particular, shows that the negotiations for a settlement with Cochburn were conducted by Bradford. He was not only the attorney for the appellant in the pending cause, but it also appears that he was the general attorney of the association. The knowledge or notice of facts acquired by Mr. Bradford, as attorney, when engaged properly in the business of his principal became in law the knowledge or notice of such fact to the client. *Shoemake v. Smith,* 80 Iowa, 655; *Baldwin v. Davis,* 118 Iowa, 36.

There also was evidence tending to show that one Archer had such knowledge or notice, and also that Archer was a director of the association. A printed copy of the by-laws of the appellant association was, on request,

6. SAME: knowledge of officials: imputation to corporation.

secured from Archer, on which appeared his name with others as directors. The authenticity of the printed by-laws was not denied, and over objections they were admitted. We think the preliminary proof was sufficient to make competent the

evidence as to the knowledge of Archer, and as showing knowledge by the association, of which he was a director. It tended to show that he stated he had attended a directors' meeting when the matter of such assignment had been considered. 10 Cyc. 1057. Thompson on Corporations, section 1668.

VII. Mr. Bradford, attorney for the appellant, was called as a witness on the part of the appellee. Before testifying, he objected on the ground that the purpose of the

7. SAME: evidence: privileged communications.

examination was to elicit testimony from him in violation of Code, section 4608, which forbids the disclosure of confidential communications intrusted to him during the course of his employment. The objection was overruled. His examination did not reach to any knowledge had by him which was of confidential nature, but only to the identification of a printed copy of the by-laws, the fact that the association had such governing laws, and that there had been copies of them printed at different times. There is nothing in the testimony which any member of the association had not the right to know; the facts testified to by Mr. Bradford were not communications received in confidence, and were not such as come within the letter or spirit of the rule which seals the lips of the attorney. *State v. Kidd,* 89 Iowa, 61.

VIII. During the trial both Cochburn and Nugent were examined as witnesses for the plaintiff. Certain testimony of Nugent was objected to by the defendant, appellant, as in

8. SAME: contradictory evidence.

contradiction of that given by Cochburn and that the effect of the examination was the impeachment by plaintiff of his own witness, which is not permitted. The objection was overruled. Had Nugent, after having called and used Cochburn as his witness, attempted to prove that his reputation for truth and veracity or his moral character was bad, he could not under the well-settled rule relied upon by appellant have been per-

mitted to do so. These are methods of direct impeachment. But a party when calling one as a witness is not absolutely bound by his testimony, but may show by another witness a different state of facts. The weight of the testimony of the witness is left for the jury to determine. There was no error in the ruling. *Humble v. Shoemaker*, 70 Iowa, 223; *Rudd v. Dewey*, 139 Iowa, 531.

IX. Error is claimed in the admission of testimony of a physician who attended upon and treated Cochburn for his injury, which showed the progress of the patient, and the condition of the injury at different times, and the pain suffered by Cochburn, the manifestations of which were observed by his physician. The particular point relied upon is that the action brought is for lost time at a liquidated sum per week, and not for pain and suffering. The trial court limited the testimony to its bearing upon the extent of the injury and consequent disability, and thus limited its admission was not error.

9. SAME: evidence: pain and suffering.

X. Appellee's right of action was based upon an alleged written assignment of the claims to him by Cochburn. Over the objections of the appellant parol evidence was admitted as to the contents of the assignment; but this was done only after it had been shown that the original assignment had been sent by Nugent to the appellant, and was no longer in his possession, supplemented by proof of notice to the appellant to produce this and all other proofs and papers in its possession bearing upon the case in time for production at the trial. The papers were not produced. Having sufficiently accounted for his want of possession, and having failed in the exercise of statutory methods to procure the production of the original, parol proof of the contents was admissible as competent secondary evidence.

10. SAME: oral evidence of contents of writing.

XI. The notice of injury first given to the appellant was a claim for a lost eye, the compensation for which was

fixed at a stated sum. Suit when brought was based upon injury to the eye which resulted in a disability for a period claimed. Preliminary proofs stating the first claim were admitted in evidence over the objections of the appellant; its claim being that this action is not for such loss, but for disability. The cause of action was the injury; the measure of recovery would be determined by its results. Followed, as the original notice or proof was, by further and later affidavits and proofs as to the extent of the injury for which claim was made, and being the basis of the present suit, the admission of the criticised evidence was without error.

11. SAME: evidence: variance.

XII. What has been said in the preceding division has bearing upon the further claim of appellant that the assignment under which Nugent claims was for damages for loss of an eye, and does not entitle him to recover for weekly disability, as it was made before the claim for the latter had been made. The assignment, as testified to by Nugent, directed the assurance association to pay to Nugent the amount coming to him under the policy in suit, and was signed by Cochburn. The latter testified that the order he gave to Nugent was for the purpose of collecting the claim for the loss of an eye, and also an order to collect the claim by its number; that afterwards, finding his injury not so great as at first believed, the change in his claim was made to correspond with his actual injury and its results. The trial court in its instructions required the jury to find, before the plaintiff, Nugent, could recover, that there had been an assignment by Cochburn to Nugent of the right of the latter to recover upon the certificate, and that the accident association had notice of such assignment before it settled with Cochburn. The scope of the assignment was in dispute. It was a question of fact to be determined by the jury, and, with the guidance of the court in the instruction noted, the effect which should be

12. SAME: assignment of insurance: evidence: instructions.

given to the assignment as a basis for the claim of Nugent was not a question of law but of fact.

XIII. The instructions given by the trial court, while made the subject of general criticism, are not included in the assignment of error. They stated with accuracy the law as applied to the case, and submitted to the jury but the single cause of action, which was substantially pleaded in plaintiff's petition as well as in the petition of intervention. We find no error warranting a reversal.

The judgment of the trial court is *Affirmed.*

WEAVER, C. J., and LADD and GAYNOR, JJ., concur.