## CRESCENT CREAMERY COMPANY v. MASSACHUSETTS BONDING & INSURANCE COMPANY.[1]

December 30, 1916.

Nos. 20,043—(192).

**Appeal and error — motion to affirm granted.**

Action begun in August. Trial and verdict in succeeding March. Extensions of time to move for a new trial granted on condition that appeal, if taken, was to be heard at following October term of supreme court. Denial of motion for new trial in August, and appeal placed on calendar of this court and set for argument on January 4. Motion by appellant for continuance and motion by respondent for affirmance argued on December 27. No service of appellant's brief and printed record. *Held*: Appellant had been so dilatory that a continuance ought not to be granted, and respondent's motion for affirmance was granted. [Reporter.]

Appeal by defendant from an order of the district court for Ramsey county denying its motion for judgment notwithstanding the verdict or for a new trial. Motion by appellant for a continuance until the next term of court. Motion by respondent for affirmance was granted.

*Ware & Junell*, for appellant.

*Durment, Moore, Oppenheimer & Houpt*, for respondent.

PER CURIAM.

A motion by appellant for a continuance until the April term of court, and a motion by respondent for affirmance of the order appealed from, were duly heard December 27, 1916.

These facts appear: The action was begun in August, 1915, and a trial had with verdict for respondent rendered March 21, 1916. Extensions of time within which to settle a case and move for new trial were granted appellant, each on condition that the appeal, if any, was to be heard at the October, 1916, term of this court. The motion for a new trial was made and denied and this appeal taken August 2, 1916, and cause duly placed on the calendar of this court as agreed and set for argument on the fourth of January next. Respondent's attorneys thereafter made unsuccessful attempts to obtain appellant's brief and printed record. Finally it was agreed that appellant should serve the brief by November 1. On the

[1] Reported in 160 N. W. 663.

fourth of November respondent's attorneys were apprised by the attorneys for appellant that there might be a change in the latter's attorneys. On December 8 respondent was advised there had been such change, and again a consent was given that the brief and record might be served not later than December 22, 1916. It also appears that not until December 4, 1916, did appellant direct its attorneys to turn over the case and papers connected therewith to its representative, although the attorneys who tried the case and took the appeal had advised it of their formal withdrawal from the case on November 4, 1916. On December 15 appellant re-engaged its former attorneys to prosecute the appeal.

We think appellant has been guilty of such neglect and procrastination that a continuance ought not to be granted, especially in view of the fact that respondent will thereby be put to great inconvenience. We are further of the opinion that appellant has been so dilatory in protecting its right of appeal and in conforming to the rules of this court and its stipulations with respondent that the motion of the latter for an affirmance of the order appealed from should be granted. During more than a month, and when the time for hearing the appeal was fast approaching, appellant gave the cause no personal attention, dispensed with the services of the attorneys it had had therein, and wholly neglected to employ any others to take their place. We may add that the attorneys are not to blame for the position in which appellant finds itself.

Order affirmed.