[No. 20655. Department One. November 28, 1927.]

NOTT-ATWATER COMPANY, *Respondent,* v. C. C. BERRY
et al., *Appellants.*[1]

[1] APPEAL (329)—RECORD—FAILURE TO FILE IN TIME—EXCUSE FOR
DELAY. An appeal will not be dismissed for failure to file the
transcript and brief until after the time prescribed by law, due
to inadvertence or excusable neglect, where they were filed prior
to the hearing of the motion to dismiss.

[2] SET-OFF AND COUNTER CLAIM (7)—NATURE OF INDEBTEDNESS OR
LIABILITY IN GENERAL. An offset to a liability on contract does
not fail merely because the party breaches the contract.

[3] SALES (47)—RESCISSION—BY SELLER—NON-PAYMENT OF PRICE—
QUESTION FOR JURY. The failure to promptly pay an installment
due for goods sold and delivered, is not, as a matter of law, a
breach of the contract, warranting its cancellation, where the
contract is generally held to be severable, and there was a sharp
conflict in the evidence as to the reason for the cancellation.

Appeal from a judgment of the superior court for
Yakima county, Hawkins, J., entered September 13,
1926, in favor of the plaintiff, notwithstanding the
verdict of a jury for the defendants upon their offsets,
in an action on contract. Reversed.

*Richards, Gilbert & Conklin,* for appellants.
*Alex M. Winston,* for respondent.

FRENCH, J.—The plaintiff, a corporation, brought
this suit against the defendants, doing business under
the trade name of Penn Oil Company, claiming that,
in pursuance of an oral contract, it sold to them cer-
tain lubricating oil, and that there was a balance due
of $833.52. The defendants answered, claiming cer-
tain credits and offsets, and the cause was tried to the
court with a jury.

[1]Reported in 261 Pac. 390.

Both sides admit that the arrangements made and the contract entered into, whatever its terms, was oral. There seems to be little dispute about many of the salient features of the contract, which provided that the defendants should be the exclusive distributing agents for the territory included in the Yakima valley; that the oil was to be delivered f. o. b. Yakima; that the defendants were to pay the freight charges and be reimbursed therefor. The testimony of both sides conclusively shows that some arrangement was made concerning the drums or containers in which the oil was shipped; the defendants claiming the right to be reimbursed for the purchase price of these drums, less freight from Yakima to Spokane. The testimony conclusively shows that the defendants incurred some expense relative to advertising, and claimed the right to be reimbursed by reason of the termination of their contract.

The jury returned a verdict for the plaintiff in the sum of $357.26. By special interrogatories submitted to the jury, they allowed the defendants on their set-off or counterclaim for the loss of the drums, $219.00; for expense of placing advertising signs, $57.75; for pumps installed by them, $78.00, and for five-gallon cans sold, or given away, $10.50. Plaintiff made a motion for judgment notwithstanding the verdict, for the full amount sued for, less the admitted freight items, and in the alternative for a new trial. Judgment notwithstanding the verdict was granted by the trial court.

[1] At the outset, we are confronted with a motion to dismiss the appeal for the reason that the transcript of record was not filed in this court, and appellants' brief was not served and filed until long after the time prescribed by law. The affidavit of appellant brings the case squarely within the rule announced in *Picco*

21—145 WASH.

*v. Roney,* 107 Wash. 202, 181 Pac. 522; *State v. Terrien,* 111 Wash. 345, 190 Pac. 1017; *Peterson v. Peterson,* 113 Wash. 317, 194 Pac. 380, and *Wellman v. Jensen,* 123 Wash. 310, 212 Pac. 183. The motion to dismiss is therefore denied.

If we have followed correctly the reasoning which caused the granting of the motion for judgment notwithstanding the verdict, it is because of the fact that the contract, being in substance one where goods were sold to be delivered from time to time and paid for as delivered, failure to pay any certain installment promptly constitutes a breach of the agreement and permits the injured party to abrogate the contract, and deprives the other party of both off-sets and counterclaims.

[2]. Two of the items pleaded by the appellants are, strictly speaking, offsets; first, the freight claimed in the amount of $108.37, and conceded by respondent; and second, the amount due for oil drums fixed by the jury at $219. In addition to the direct testimony of appellants that they were to be allowed credit for the drums, we find, on certain of the bills sent by the respondent to the appellants, the following stamp:

"Please note that we cannot allow full credit for drums returned unless they are in condition which will permit of our re-filling with lubricating oil for reshipment,"

which, to our minds, is conclusive evidence to the effect that some arrangement had been made in this oral contract as to the return of the oil drums, and the credit to be allowed therefor. It thus became a matter for the jury.

No authority has been cited that an offset fails regardless of who may have breached the contract, and we can conceive of no reason for such a rule. Indeed, as to the first item of the offset, namely, the freight

advanced by appellants, the correctness of the offset was conceded.

In addition thereto the record shows that the item of the drums was not included in the request for a directed verdict; rather it seems to have been conceded by counsel that the question of the drums and the credit to be allowed therefor became a matter for the jury by reason of the stamped portion of the bills which we have above quoted.

[3] As to the second class of items, namely, the advertising, consisting of oil cans given away, pumps of a certain style and character furnished dealers for advertising purposes, and the placing of signs, these are, strictly speaking, counter-claims; and it becomes important to determine whether or not the court can say, as a matter of law, that the appellants had breached the contract. Failure to pay promptly may or may not excuse performance and warrant cancellation of this kind of a contract, depending on the circumstances of each particular case, and such a contract is generally held to be severable. *West v. Bechtel,* 125 Mich. 144, 84 N. W. 69; *Hansen & Linehan v. Consumers' Steam Heating Co.,* 73 Iowa 77; *Hibernian Baking Ass'n v. Eckhart & Swan Milling Co.,* 140 Ill. App. 479; *Longfellow v. Huffman,* 55 Ore. 481, 104 Pac. 961; *Osgood v. Bauder,* 75 Iowa 550, 39 N. W. 887.

The record shows a sharp conflict in the evidence as to the reasons for the cancellation of the contract. It thus became a question of fact for the jury.

The cause is reversed, with instructions to the lower court to pass on the motion for a new trial.

MACKINTOSH, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.