[Civ. No. 13199. Second Dist., Div. Two. Apr. 6, 1942.]

FRANK M. CHICHESTER, as Trustee in Bankruptcy, etc., Appellant, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association), Respondent.

J. K. Wilson for Appellant.

Louis Ferrari, Edmund Nelson and G. L. Berrey for Respondent.

McCOMB, J.—This is a motion to dismiss the appeal on the ground that appellant has failed to file an opening brief pursuant to the rules of this court.

These are the facts:

March 13, 1941, appellant filed a notice of appeal from a decision of the Superior Cort of Los Angeles County. August 28, 1941, appellant filed a document in this court denominated "appellant's opening brief." This brief contained the following headings:

(1) Statement of Facts.

(2) The Court Erred in Granting a Nonsuit.

(3) The Effect of Bankruptcy on Contracts of the Bankrupt.

(4) Vehicle Code v. Trust Receipts Law.

(5) The First Cause of Action—$2,222.36.

(6) The Third Cause of Action—$5,654.95.

(7) Second Cause of Action—Insolvency.

(8) Estoppel.

(9) Conclusion.

October 22, 1941, respondent moved to strike the foregoing document on the ground that it did not comply with the requirements of the last paragraph of section 2, rule VIII, Rules for the Supreme Court and District Courts of Appeal, which reads as follows:

"The brief or petition must present each point separately under an appropriate heading, showing the nature of the question to be presented or the point to be made." (Larmac

148

Consolidated Index to Constitution and Laws of California (1941) 1623.)

This motion was granted pursuant to the provisions of section 4, rule VIII, *supra,* and appellant allowed twenty days within which to file an opening brief which would comply with the rules of this court. Such ruling was in accordance with numerous previous decisions holding that, in order to comply with the requirements of the last paragraph of rule VIII, section 2, *supra,* appellant's assignments of error should take the form of propositions which, if sustained, would lend substantial support to appellant's request for a reversal of the judgment of the lower court. (*Adams* v. *Standard Accident Insurance Co.,* 124 Cal. App. 393, 394 [12 P. (2d) 464]; *Bernstein* v. *Congregational Anshi Sfart,* 14 Cal. App. (2d) 96 [57 P. (2d) 954]; *Graybeal* v. *Press-Telegram Pub. Co.,* 14 Cal. App. (2d) 252 [57 P. (2d) 1343]; *Superior Sand Co.* v. *Smith,* 19 Cal. App. (2d) 166 [64 P. (2d) 1149]; *Bright* v. *Zabler,* 43 Cal. App. (2d) 706, 708 [111 P. (2d) 387].)

 Appellant has not filed a brief pursuant to our order of October 22, 1941. Therefore, since more than twenty days have elapsed since the entry of such order, respondent's motion to dismiss the appeal should be and it is hereby granted.

Moore, P. J., and Wood, J., concurred.