[No. 30184. Department Two. January 7, 1949.]

GEORGIA LEA HILDEBRAND, *Appellant,* v. MARVIN M. HILDEBRAND, *Respondent.*[1]

[1]Reported in 201 P. (2d) 213.

*Colvin & Williams, Mary E. Burrus,* and *Robert Juhl,* for appellant.

*Little, Burgunder & Smith,* for respondent.

SIMPSON, J.—On this appeal, we are asked to review a judgment rendered as a result of the hearing on a petition to modify a divorce decree, and to adjudge respondent to be in contempt of court because of his failure to pay for the support of his minor child, as provided by a decree of divorce.

Georgia Lee Hildebrand, now Malone, and Marvin M. Hildebrand were married August 8, 1934. They had one daughter, Penelope, born to their marriage. August 28, 1938, appellant instituted an action for divorce. October 7th of that year, the court entered its interlocutory order of divorce, in which appellant was given custody of the child, and the respondent was ordered to pay, "toward the support of the minor child of the parties," the sum of ten dollars per month. The payments were to start October 7, 1938. A final decree of divorce, which also ordered the payment of ten dollars each month, was entered August 11, 1939. No payments have ever been made as directed.

As a result of the petition filed by appellant, the superior court issued to respondent an order to show cause why he should not be adjudged in contempt of court because of his failure to make the payments provided for in the decree of divorce. The return to the order to show cause contained allegations which did not give any legal reasons for failure to make the payments. Thereafter, appellant filed her petition, asking that the divorce decree be modified by re-

quiring respondent to pay forty dollars per month for the support of his child.

A hearing was then had upon the petitions, and the court, on November 22, 1946, entered its order, which held that respondent was in contempt of court. The order then provided that respondent might "purge himself of the contempt by making payments on account of $10.00 per month." The order finally directed that the total amount unpaid was seven hundred eighty dollars, and that respondent should pay an additional ten dollars per month until the seven hundred eighty dollars was paid, and that then the support money for the child should be fifteen dollars per month. Attorneys' fees were allowed in the sum of fifty dollars.

Appellant assigns error of the court in the following particulars, (a) in refusing to modify the decree by compelling payment of forty dollars per month; (b) in not requiring immediate payment of the balance due; and (c) in failing to provide an adequate allowance for attorneys' fees.

Respondent has not filed a brief relative to the merits, but has presented a motion to dismiss the appeal. The reasons for dismissal given by respondent are:

"(1) That notice of appeal was given on November 29th, 1946, the statement of facts was served and filed February 8th, 1947, but the appellant's opening brief was not served until May, 1948, without the time having been extended by stipulation of the parties or order of the court.

"(2) That no findings of fact or conclusions of law were made and filed and no memorandum decision rendered in this case.

"(3) That the controversy has become moot because of the acceptance by the appellant and her attorneys of the benefits of the order from which the appeal was taken."

The affidavit, signed by respondent, supported the motion.

Appellant's brief was filed in this court May 7, 1948, some eighteen months after notice of appeal had been given. Subdivision (1) of Rule 11 of the Supreme Court, 18 Wn. (2d) 12-a, requires that appellant's brief on appeal shall be filed with the clerk of the supreme court within ninety

days after the giving of the notice of appeal. We have uniformly held that failure to file a brief on time is not jurisdictional; and further, that the objection of the opposing party must be raised at least ten days before the brief is served and filed. *Schoennauer v. Schoennauer,* 77 Wash. 132, 137 Pac. 325; *Peterson v. Peterson,* 113 Wash. 317, 194 Pac. 380; *Nott-Atwater Co. v. Berry,* 145 Wash. 640, 261 Pac. 390.

Respondent .contends, however, that, in this case, he has been prejudiced by appellant's delay, and for that reason the cause should be dismissed. He cites, as sustaining authority for his position, *In re Peterson's Estate,* 6 Wn. (2d) 294, 107 P. (2d) 580, and *Solberg v. Department of Labor & Industries,* 25 Wn. (2d) 156, 169 P. (2d) 701. His claims of prejudice, in so far as the facts are concerned, are all based upon an oral stipulation his counsel claims to have had with one of the attorneys for appellant.

■ Counsel for appellant has filed an affidavit in which she denies the facts as claimed by respondent. Oral stipulations of counsel, made out of court, will not be recognized by this court as binding. *Livesley v. Pier,* 9 Wash. 658, 38 Pac. 156.

The motion to dismiss the appeal will be denied.

■ We are unable to dispose of the questions presented in this case because of the fact that the trial court failed to make and enter findings of fact and conclusions of law upon which to base its judgment of contempt. In this state, findings of fact must be made by the trial court in either civil or criminal contempt cases. *State ex rel. Dunn v. Plese,* 134 Wash. 443, 235 Pac. 961; *State v. Sanchez,* 4 Wn. (2d) 432, 104 P. (2d) 464.

The two questions, one relating to the contempt proceedings and the other concerning the increase in the monthly payments, are so closely related that we cannot arrive at a proper conclusion unless they are presented at the same time.

The case is remanded to the superior court, with instructions to cause findings to be prepared and to enter

judgment thereon from which either party may appeal.

MALLERY, C. J., MILLARD, ROBINSON, and SCHWELLENBACH, JJ., concur.

