CITY OF ALBIA, Appellee,

v.

Gary Wayne STEPHENS, Appellant.

No. 89–1386.

Supreme Court of Iowa.

Oct. 17, 1990.

John A. Pabst of Clements, Blomgren, Pothoven, Pabst & Stravers, Albia, for appellant.

William S. Owens, City Atty., Albia, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

SNELL, Justice.

Defendant, Gary Wayne Stephens, appeals the dismissal of his appeal to the district court from a conviction by a magistrate. The district court concluded that the timely filing of appellant's brief is jurisdictional and that a late filing required dismissal. On appeal, defendant contends that a late filing should result in dismissal only if it is unexcused or if it prejudices the appellee. In addition, defendant contends that the evidence was not sufficient to support his conviction for the crime of failure to stop within the assured clear distance ahead in violation of section 62.1(6) of the Albia City Code. We reverse and remand the case to the district court for further proceedings not inconsistent with this opinion.

On February 7, 1989, at approximately 4:45 p.m., Gary Stephens was driving eastbound on East Benton in the city of Albia, Iowa. Also traveling eastbound on East Benton ahead of the Stephens' vehicle was Susan Nolan's car. Ahead of the Nolan vehicle was the Rita Britton car. The Britton vehicle signaled for a left turn and stopped for oncoming traffic. The Nolan vehicle stopped behind the Britton vehicle. Meanwhile, defendant's attention was momentarily diverted while tuning his radio. When defendant looked up and realized the Nolan vehicle had stopped, he braked and slid into the Nolan vehicle causing not more than twenty-five dollars damage to the Nolan vehicle. Damage to defendant's vehicle was under $350.

Defendant and Susan Nolan, both students of the Albia Community High School, went to the Monroe County Law Enforcement Center to report the accident. After talking to defendant and Nolan, the officer on duty issued a citation to defendant charging him with the crime of failure to stop within the assured clear distance ahead in violation of section 62.1(6) of the Albia City Code. Section 62.1(6) is the city codification of Iowa Code section 321.285 (1989).

A trial was held before a magistrate on March 28, 1989. At the conclusion of the evidence, the magistrate found the defendant guilty of the crime charged. Also on March 28, 1989, defendant orally gave notice of his appeal to the Iowa district court for Monroe County. On April 28, 1989, thirty-one days later, defendant filed a brief in support of his appeal. No resistance was filed by the city in regard to the late filing of the brief.

On August 23, 1989, the court on its own motion dismissed defendant's appeal stating:

Final judgment was entered on 28, March 1989. Notice of appeal was made

orally by defendant's attorney on 28, March 1989. The appellant did not file and serve, within fourteen days after taking the appeal, a brief in support of the appeal. Filing of the brief pursuant to rule 54(3) of the Iowa Rules of Criminal Procedure is jurisdictional.

The defendant then filed an application for discretionary review with this court, which was granted.

Our review is for correction of errors at law. *See* Iowa R.App.P. 4. *See also State v. Davis*, 271 N.W.2d 693, 695 (Iowa 1978) ("Where the issue on appeal is not one of fact but rather one of statutory interpretation and application, the supreme court is not bound by trial court's determinations of law.").

This case closely resembles *Davis* in that "the operative facts and inferences are not controverted," *id.*, and the result will turn on the construction and interpretation of Iowa Rule of Criminal Procedure 54(3), which states in part that:

> If the original action was tried by a district judge, district associate judge, or judicial magistrate, the appellant shall file and serve, within fourteen days after taking the appeal, a brief in support of the appeal.

The word "shall" in this rule, provides the basis for the court's ruling. The question inherent in the use of the word "shall" in the rule is whether subject matter jurisdiction is commanded or a time frame for processing a case is provided.

■ This court has previously held that "[a] timely appeal is jurisdictional, and the time limit for appeal cannot be extended by filing an improper post trial motion." *Lutz v. Iowa Swine Exports Corp.*, 300 N.W.2d 109, 110 (Iowa 1981) (citing *Union Trust & Sav. Bank v. Stanwood Feed & Grain, Inc.*, 158 N.W.2d 1, 3 (Iowa 1968)). Failure to give a timely notice of appeal is jurisdictional. *Id.; Fenchel v. Fenchel*, 268 N.W.2d 207, 208 (Iowa 1978). However, it does not follow that the failure to timely file a brief is also jurisdictional.

■ The effect of a failure to file a brief within the time limit depends on the statutes and rules of court of the particular jurisdiction, and also, to some extent, upon the circumstances of the case. Accordingly, the failure to timely file a brief may warrant a dismissal, *see In re Hauge's Estate*, 219 Minn. 192, 193, 17 N.W.2d 305, 305–06 (1945), or it may justify striking the briefs, *Chichester v. Bank of America Nat'l Trust & Sav. Ass'n*, 51 Cal.App.2d 146, 147–48, 124 P.2d 99, 100 (1942). A court may refuse to consider the brief, *Antoon v. Mayor and City Comm'rs and Bldg. Inspector of Natchitoches*, 218 La. 732, 733, 50 So.2d 822, 822 (1951), or affirm the judgment, *Crescent Creamery Co. v. Massachusetts Bonding & Ins. Co.*, 135 Minn. 464, 464–65, 160 N.W. 663, 664 (1916), on the theory that the appeal has been abandoned. *Aetna State Bank v. Fremmer*, 213 Iowa 339, 340, 239 N.W. 234, 234–35 (1931).

■ While the enforcement of a court rule regarding the time for filing briefs is usually within the discretion of the court, the filing of the briefs within the time fixed is not normally a jurisdictional requirement. *See Hildebrand v. Hildebrand*, 32 Wash.2d 311, 313–14, 201 P.2d 213, 215 (1949); *United Truck Lines, Inc. v. Department of Public Works of Washington*, 181 Wash. 318, 322, 42 P.2d 1104, 1106 (1935); *Du Pont Cellophane Co., Inc. v. Kinney*, 179 Wash. 270, 271–72, 36 P.2d 1061, 1062 (1934); *Salinger v. Western Union Tel. Co.*, 147 Iowa 484, 493, 126 N.W. 362, 366 (1910). Accordingly, a trifling or insignificant delay in filing briefs, at least where appellee is not prejudiced thereby, may not be fatal. *Benson v. Custer*, 236 Iowa 345, 361, 17 N.W.2d 889, 897 (1945).

In Iowa, our treatment of late filed briefs has always suggested that the court is not thereby deprived of jurisdiction. A failure to file an appellee's brief does not entitle an appellant to a reversal. *State ex rel. Buechler v. Vinsand*, 318 N.W.2d 208, 209 (Iowa 1983); *Jefferson County v. Barton–Douglas Constr.*, 282 N.W.2d 155, 157 (Iowa 1979); *Pierre v. Iowa Dep't of Social Servs.*, 334 N.W.2d 359, 360–61 (Iowa App. 1983). A failure by the appellant to file a brief and argument has been considered an

abandonment of the appeal. *Aetna State Bank,* 213 Iowa at 340, 239 N.W. at 234–35; *Raynor v. Raynor,* 77 Iowa 282, 282–83, 42 N.W. 184, 184 (1889). Where the appellant's brief has been filed late, the infraction has been ignored if counsel or a party has a reasonable excuse. *Finley v. Thorne,* 209 Iowa 343, 345–46, 226 N.W. 103, 104–05 (1929); *Cochburn v. Hawkeye Commercial Men's Association,* 163 Iowa 28, 31–32, 143 N.W. 1006, 1008 (1913); *Caldwell v. Steckel & Son,* 143 Iowa 564, 566–67, 121 N.W. 376, 377 (1909); *Bennett v. Emmetsburg,* 138 Iowa 67, 70–71, 115 N.W. 582, 585 (1908).

In *Salinger,* the appellee filed a motion for affirmance of the judgment on the ground the appellant failed to serve his argument upon him within the time provided by the rules. The court found that the motion was not entitled to consideration because it was not filed prior to the original submission of the case, but upon a petition for rehearing. By dictum, however, the court said that "[i]f his contention be true that proper service of appellant's argument was not made upon him within the time provided by the rules, such failure was in no sense jurisdictional." *Id.,* 126 N.W. at 366.

■ The objective of Iowa Rule of Criminal Procedure 54(3) is to prescribe a method for taking appeals and to assure that such appeals are accomplished in a timely manner. The filing of an appellant's brief in support of the appeal within fourteen days of taking the appeal promotes that objective. However, a failure to file that brief on time should not result in the automatic dismissal of the appeal. Appellant's brief should not be stricken or the appeal dismissed solely because the brief was not timely filed, where it does not appear that the appellee was injured or prejudiced by such irregularity. The burden of showing that no injury will result to the appellee from such failure to comply with the statute is upon the appellant.

Appellant's brief was filed in the district court thirty-one days after notice of appeal was given. Although seventeen days late, we hold that such failure to file a brief on

time is not jurisdictional, and conclude that the district court erred in dismissing defendant's appeal on this ground.

REVERSED AND REMANDED.