# IN THE SUPREME COURT OF IOWA

No. 18–1892

Filed March 12, 2020

**STATE OF IOWA,**

Appellee,

vs.

**TRAVIS CARL BOYER,**

Appellant.

---

Appeal from the Iowa District Court for Mills and Pottawattamie Counties, James S. Heckerman, Judge.

Plaintiff appeals the district court order requiring him to pay a civil judgment for room and board reimbursement. **APPEAL DISMISSED.**

Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Naeda Elliott, County Attorney, and Tyler Loontjer, Assistant County Attorney, for appellee.

**PER CURIAM.**

In this case, Travis Boyer entered guilty pleas in two sex abuse cases on September 24, 2018. That same day, the district court sentenced Boyer to a ten-year term of incarceration for each offense and ordered the sentences to be served consecutively. The district court also entered a special sentence under Iowa Code section 903B.1 (2018). The district court assessed all court costs to Boyer.

On October 5, the Mills County sheriff filed a room and board reimbursement claim under Iowa Code section 356.7. In the reimbursement claim, the sheriff sought reimbursement for the seventy-eight days Boyer spent in the Mills County jail at a rate of $60 per day for a total of $4680. On the same day that the claim was filed, the district court approved the claim and ordered Boyer to pay the amount.

Boyer filed a pro se notice of appeal, which he claimed was placed in the prison mail system on October 23. The notice of appeal stated that Boyer was appealing the "final judgment & sentence entered in these matters on the 24th day of September, 2018." The Mills County clerk of court file-stamped the notice on November 2. On our own motion, we granted a delayed appeal on December 7.

On its face, the notice of appeal seeks relief from "the district court's September 24, 2018[] order." He does not seek to appeal the later order of October 5. On appeal, however, Boyer's entire argument is a challenge to the October 5 restitution order. After oral argument in this matter, we asked the parties to file supplemental briefs on the question of whether this court has jurisdiction to consider the restitution issues raised by Boyer. Although the jurisdictional issue was not raised by the parties, this court has the inherent power to determine whether it has subject matter

jurisdiction and may raise this question at any stage. As this court has previously stated,

> Every court has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it. It makes no difference how the question comes to its attention. Once raised, the question must be disposed of, no matter in what manner of form or stage presented. The court on its own motion will examine grounds of its jurisdiction before proceeding further.

*Walles v. Int'l Bhd. of Elec. Workers*, 252 N.W.2d 701, 710 (Iowa 1977) (quoting *Carmichael v. Iowa State Highway Comm'n*, 156 N.W.2d 332, 340 (Iowa 1968)).

The State urges us to dismiss the appeal for lack of jurisdiction. The State notes that, on its face, the notice seeks only to appeal from the order dated September 24. The State stresses that failure to file a timely notice of appeal leaves the court without subject matter jurisdiction. *See Evenson v. Winnebago Indus., Inc.*, 922 N.W.2d 335, 337 (Iowa 2019) ("Failure to file a timely notice of appeal leaves [the court] without subject matter jurisdiction to hear the appeal.").

In his response, Boyer brings additional facts to our attention. Namely, that the October 5 order was sent to the defendant's address in Texas, with the implication being he did not receive the order as he was incarcerated in Iowa. On November 14, that same mailed judgment order was returned as undeliverable. Again, the implication is that Boyer did not actually receive notice of the judgment from the clerk of court.

Boyer argues that as a general matter, notices of appeal "should be liberally construed so as to preserve the right of review, and permit, if possible, a hearing on the merits." *Iowa Dep't of Human Servs. ex rel. Greenhaw v. Stewart*, 579 N.W.2d 321, 323 (Iowa 1998) (quoting 4 C.J.S. *Appeal & Error* § 371, at 421 (1993)); *see also Hawkeye Sec. Ins. v. Ford*

*Motor Co.*, 199 N.W.2d 373, 378 (Iowa 1972) ("This more liberal rule of construction is consistent with our oft repeated preference for disposition of cases on the merits and not on mere technicalities").  Boyer notes that in this appeal the State responded to his restitution argument and, as a result, cannot claim it was misled by the notice of appeal.  *See Stewart*, 579 N.W.2d at 323–24.  Boyer asserts that the problem in this case is a technical problem, namely, his failure to include the phrase "and all adverse rulings and orders inhering therein" from his notice of appeal, as is standard.  *See* Iowa R. App. P. 6.1401, Form 1.

As Boyer correctly notes, there is ample authority for construing pro se pleadings generously.  Further, we have held that "[s]ubstantial compliance . . . is sufficient . . . if the intent of the appellant to appeal from a judgment may be inferred from the text of the notice and if the appellee has not been mislead by the defect." *State v. Birch*, 306 N.W.2d 781, 782–83 (Iowa 1981) (quoting *Hawkeye Sec. Ins.*, 199 N.W.2d at 378).  Here, the State makes no claim of being misled and, indeed, fully briefed the merits of the underlying restitution order.

The problem, however, is that Boyer identified a specific order in his notice of appeal, namely, the district court's judgment and sentence entered on September 24.  When a party, even a pro se party, files a notice of appeal related to a specific order, we cannot rewrite it to include an order entered on a later date.  We can find no evidence of intent to appeal anything other than the September 24 order in the notice.

The filing of a timely notice of appeal is jurisdictional.  *See City of Albia v. Stephens*, 461 N.W.2d 326, 328 (Iowa 1990).  Although we found good cause for a delayed appeal of the September 24 order, this extension of time does not provide a basis for expanding the notice of appeal to include the October 5 restitution order or any other order.  As a result, we

lack jurisdiction to consider matters raised in the October 5 restitution order or any other subsequent order of the court.

**APPEAL DISMISSED.**

All justices concur except Oxley, J., who takes no part.

This opinion shall not be published.