[No. 1068. Decided February 20, 1894.]

# HERMAN ZELINSKY, *Respondent*, v. JAMES H. PRICE, *Appellant*.

CONTINUANCE — ABSENCE OF ATTORNEY — ACTION AGAINST SHERIFF — FAILURE TO SERVE WRIT — EVIDENCE — EXEMPTIONS.

The refusal of the court to grant a continuance because of the absence of one of defendant's attorneys is not error, when it appears that one of his attorneys of record was present at the time the cause was called for trial, and that the cause had been regularly set for trial upon that day several days prior thereto.

There is sufficient evidence to sustain a verdict in an action against a sheriff for failure to serve a writ of attachment, when it is shown that the attachment defendant, at the time of the issuance of the writ, had property in the county subject to seizure; that plaintiff's attorney gave the deputy sheriff a list of the property within an hour after the writ had been left at the sheriff's office for service, and told him that if he would go to the plaintiff, whose residence was near that of defendant, the plaintiff would point out the property to him; that within a day thereafter said deputy again approached plaintiff's attorney and asked for his fee for serving the papers, and said that he had no trouble in finding the property, but did not say as to whether he had made any levy; and that in fact no levy was ever made.

In such an action it is not error to admit the testimony of plaintiff showing that the deputy sheriff came to him one day and that he pointed out the defendant's residence and told the deputy defendant had a number of horses, which the deputy would find by going over there; and that said deputy had some papers sticking out of his pocket, but that plaintiff could not tell whether they were the summons and writ of attachment against defendant; such testimony is admissible as tending to show information furnished the officer that the defendant had property subject to seizure upon the writ.

Although an attachment defendant may be entitled to exemption under the provisions of Code Proc., § 486, subd. 4, it is for him to make the claim, and the plaintiff has a right to have the property primarily seized upon the levy of the attachment.

*Appeal from Superior Court, Pierce County.*

*Palmer & Palmer*, and *Baker & Campbell*, for appellant.

*Taylor & McKay*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—In September, 1890, the respondent commenced an action in the superior court of Pierce county against one Baker and his wife, and caused a writ of attachment to be issued therein against the property of said defendants, and placed the same in the hands of the appellant, who was then sheriff of said county, for service. Appellant failed to serve said writ, and after judgment was obtained by Zelinsky in said action, he brought this action against appellant for damages occasioned by his failure to levy said attachment in the suit aforesaid.

It is contended that the court erred in not granting the defendant a continuance of the trial which was asked on the ground of the absence of one of his attorneys. The attorneys of record for said defendant in said action were Palmer & Palmer. One of the said attorneys was present at the time the cause was called for trial, and it appears that the same had been regularly set for trial for that day upon the trial calendar some days previously. We do not find any error in the refusal of the court to grant such continuance.

Appellant further contends that the evidence was insufficient to sustain the verdict brought in against him, on the ground that it does not sufficiently appear therefrom that the defendants in said attachment suit had property in said county subject to seizure at the time said writ was issued. It appears that at the time the suit was commenced by Zelinsky against said Baker and wife, the attorney for Zelinsky in said action took the writ of attachment and the summons to the sheriff's office and left the same for service, and that about an hour after the delivery thereof one Daggett, one of the sheriff's deputies, approached said attorney and asked him where said defendants lived and where the property was that the plaintiff wanted attached; and that

17—8 WASH.

thereupon said attorney gave him a writing containing a list of certain horses, harnesses, wagons and property which said defendants had, which had been furnished said attorney by said plaintiff Zelinsky; and informed said deputy where Mr. Zelinsky lived, and stated to him that the defendants lived near the same place, and told said deputy if he would go to Mr. Zelinsky he would point out to him the property to be attached; and that during that same day, or the evening of the next day, said deputy again approached said attorney and asked for his fee for serving the papers. Whereupon said attorney gave him a note to the plaintiff directing him to pay the fees. And that during this time said attorney asked said deputy what success he had, and the deputy replied that he had no trouble at all in finding the property, but did not say as to whether he had made any levy.

There was further testimony showing that at this time, and for some days thereafter, said attachment defendants owned some ten head of horses with harnesses and wagons, of the value of eleven hundred dollars or more, situated in said county. Why said writ of attachment was not served does not appear. No testimony was offered on the part of the defendants at the trial, and from the testimony introduced by the plaintiff sufficient appears to show that enough property subject to execution sale might have been seized under said writ of attachment to have satisfied the demands of the plaintiff in such action had due diligence been used by said deputy sheriff in the premises.

It is further contended that the court erred in refusing to strike out the evidence of Zelinsky in relation to the service of the summons and attachment. It appears from the testimony of this witness that said deputy sheriff came to him one day at his store and asked him where Baker lived. Whereupon said witness pointed out said Baker's residence, and told him that he had a number of horses

over there, and directed him to go over there and he would
find them; and that said deputy had some papers in his
possession at that time; that he saw them sticking out of
his pocket, but that he could not tell whether they were
the summons and writ of attachment in question.  There
was no error here.  The testimony was not offered for the
purpose of showing the service or non-service of the papers;
nor should it have been excluded on the ground that the
witness could not fix the date at which the conversation
occurred, which is urged by appellant in his brief, although
it was not included in his motion.  The testimony was ad-
missible for what it was worth, as tending to show in-
formation furnished the officer that the defendants in said
suit had property subject to seizure upon the writ.

It is further contended that the court erred in permitting
said plaintiff to testify to a conversation between him-
self and Baker.  An examination of the record, however,
shows that this testimony was stricken on the defendant's
motion.

It is contended that the court erred in an instruction in
which he told the jury that, if they found that Baker was
the owner of the horses in question at the time the sheriff
had the writ of attachment, said horses were, all except
two of them, subject to seizure; that two of them would
be exempt and the balance of them would be liable upon
the writ.  It is contended that this is erroneous upon the
ground that more of them might have been exempt.  The
testimony showed that said defendant was a teamster and
as such would have been entitled to have one team ex-
empted from sale; but if he was entitled to further exemp-
tions by virtue of the provisions of subd. 4 of § 486, Code
Proc., it was for him to make the claim, and the plaintiff
had a right to have the property primarily seized upon the
attachment.

Some question is raised over the sufficiency of the evi-

dence as to the payment of the sheriff's fees. It is contended that he had no right to serve the papers until his fees had been paid (§ 3009, Gen. Stat.), and that the evidence failed to show payment. But there seems to have been no controversy between the parties at the time with regard to this, and no objection to the course taken by the plaintiff's attorney in sending the officer to the plaintiff for his pay, nor is there any proof by the sheriff's return or otherwise, that the failure to serve was due to non-payment of fees.

We find no error in the record, and the judgment is affirmed.

DUNBAR, C. J., and ANDERS, HOYT and STILES, JJ., concur.