[No. 17682. Department Two. January 25, 1923.]

HOWARD WELLMAN, *by his Guardian ad Litem W. E. Wellman, Respondent,* v. H. B. JENSEN *et al., Appellants.*

W. E. WELLMAN, *Respondent,* v. H. B. JENSEN *et al., Appellants.*[1]

APPEAL (168)—PARTIES—CO-PARTIES DISMISSED FROM SUIT. A successful co-defendant, in whose favor there was a verdict and judgment for costs, is not a necessary party to an appeal by the other defendant upon whom notice of appeal need be served.

SAME (329)—RECORD—FAILURE TO FILE IN TIME—EXCUSE FOR DELAY. An appeal will not be dismissed for failure to file the transcript in time, where the appeal was filed May 26, and the transcript filed in the superior court August 29, and transmitted to the supreme court, but not filed there until November, owing to the inadvertence or excusable neglect of appellant to pay the filing fee, which was done prior to the motion to dismiss was heard.

Motion to dismiss an appeal from a judgment of the superior court for Franklin county, Sessions, J., entered February 27, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Denied.

*Edward A. Davis,* for appellants.

*Chas. W. Johnson,* for respondent.

MAIN, C. J.—This is a motion to dismiss the appeal. The action was brought against H. B. Jensen and wife and Franklin County School District No. 1, seeking to recover damages for personal injuries. The district appeared by separate answer and by its own counsel. The cause proceeded to trial and resulted in a verdict against the district, as well as against the other defendants named. Jensen and wife moved for a new

[1]Reported in 212 Pac. 183.

trial, as did also the school district. The motion was denied as to Jensen and wife and granted as to the school district. Judgment was entered upon the verdict, and Jensen and wife appealed. They served notice of appeal upon the plaintiff, but did not serve the school district.

The first ground of the motion to dismiss is based on the failure to serve the district. In *Sipes v. Puget Sound Elec. R. Co.*, 50 Wash. 585, 97 Pac. 723, it was held that, where a judgment was entered in a personal injury case upon a verdict in favor of the plaintiff against one of the defendants for damages and in favor of a codefendant for costs, and an appeal was taken by the unsuccessful defendant, failure to serve notice of appeal upon the codefendant did not deprive this court of jurisdiction or work a dismissal of the appeal. That case is controlling upon the first ground stated in the motion.

The case of *Wax v. Northern Pac. R. Co.*, 32 Wash. 210, 73 Pac. 380, is distinguishable. There, there were two defendants and a judgment against both. One of the defendants appealed and did not serve notice of the appeal upon the codefendant, and it was held that the appeal should be dismissed for this reason. The difference between that case and the present is that here the plaintiff obtained a judgment against only one of the defendants, and, under the holding in the *Sipes'* case, that defendant, in taking the appeal, was not required to serve notice thereof upon the other defendant against whom the plaintiff had not obtained a judgment.

The second ground of the motion is that the clerk's transcript was not filed within the time allowed by law, and that a sufficient excuse had not been given for such failure. The judgment was entered on Feb-

ruary 24, 1922. The notice of appeal was served on May 24, 1922, and filed on the 26th of that month. The transcript was filed in the office of the clerk of the superior court August 29, 1922, and was not filed with the clerk of this court until November 10, 1922, though it had been forwarded here soon after it was filed with the clerk of the superior court. The reason that it was not filed by the clerk of this court upon its receipt was that the filing fee was not paid. The failure to pay this fee at the time the transcript was sent to the clerk of this court was due to inadvertence or excusable neglect. The fee was paid and the transcript was on file prior to the time that the motion to dismiss was heard. There having been a sufficient excuse shown for failure to pay the filing fee, the appeal should not be dismissed for this reason.

This case is distinguishable from *Picco v. Roney*, 107 Wash. 202, 181 Pac. 522, in that there no excuse was given for the delay in filing the transcript on appeal within ninety days, while here, as already indicated, there appears to have been a sufficient excuse.

The motion to dismiss the appeal will be denied.

PARKER, FULLERTON, MACKINTOSH, and TOLMAN, JJ., concur.