[No. 18118.   Department Two.   December 21, 1923.]

CLYDE W. BROKAW, *Respondent*, v. ANNA L. KUNZE, *as Administratrix etc., et al., Appellants.*

BANK OF STANWOOD, *Respondent*, v. ANNA L. KUNZE, *as Administratrix etc., et al., Appellants.*[1]

PLEDGES (5, 6) — PLEDGEE AS BONA FIDE PURCHASER — DEFECT IN TITLE—NOTICE OR KNOWLEDGE—EVIDENCE—SUFFICIENCY. A bank is a holder in due course of bonds deposited by a husband as collateral security for a loan to him, although they belonged to his wife, where it received them in good faith, without notice of the defect in title; and the fact that the bank knew that the bonds had been purchased by the wife as her separate property does not prove that it acted in bad faith.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered October 17, 1922, upon findings in favor of the plaintiff, in an action to foreclose a pledge, tried to the court. Affirmed.

*Clay Allen,* for appellants.

*Cooley, Horan & Mulvihill,* for respondents.

[1]Reported in 221 Pac. 590.

PEMBERTON, J.—The respondent, the Bank of Stanwood, brought this action to foreclose certain bonds. claimed to be held by it as collateral for a loan to George W. Kunze, president of the Wisconsin Timber Company.

The testimony shows that, on October 1, 1921, George W. Kunze borrowed $16,000 from respondent and deposited as collateral security therefor thirty-four bonds of the timber company of the par value of $17,000. These bonds were the separate property of appellant Anna L. Kunze, the wife of George W. Kunze, deceased, were payable to bearer and transferable on delivery.

The trial court found that "the Bank of Stanwood acquired possession of said bonds as an innocent purchaser for value and without notice of any infirmity in the title." Upon this finding judgment was entered, from which judgment this appeal is taken.

It is the contention of appellant that the bank had actual knowledge that the bonds belonged to appellant, "or had knowledge of such facts that its action in taking the bonds amounted to bad faith," and is therefore not a holder in due course. To be a holder in due course one must take the instrument without notice of any defect in the title of the person negotiating it. Pierce's Code, § 4123 [Rem. Comp. Stat., § 3443]. He is not a holder in due course if he had "knowledge of such facts that his action in taking the instrument amounted to bad faith." Pierce's Code, § 4127 [Rem. Comp. Stat., § 3447].

"[Every] holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. . . ." P. C. § 4130; Rem. Comp. Stat., § 3450.

It is the contention of counsel for appellant that one who receives goods in pledge in good faith from one having neither title nor right to pledge them takes no title by the pledge. *Varney v. Curtis*, 213 Mass. 309, 100 N. E. 650, Ann. Cas. 1914A 340; *Schmidt v. Simpson*, 204 N. Y. 434, 97 N. E. 966, Ann. Cas. 1913C 1288.

In the case of *Angus v. Downs*, 85 Wash. 75, 147 Pac. 630, we said:

"We conclude, therefore, that it is not a defense against the suit of a holder in due course of commercial paper to show that the paper was stolen from the maker thereof prior to delivery."

It is admitted that these bonds in question were left by George W. Kunze with the bank; that they were not his bonds and had been taken from Mrs. Kunze's possession without her knowledge; that these bonds, or a large portion of them, were bought by appellant through the respondent bank and paid for by her own personal check; that the books of the bank disclosed the fact that there were no outstanding bonds other than the bonds of appellant. The fact that these bonds were taken as security and not purchased does not change the relationship of the parties as to whether or not respondents were holders in due course.

"Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien." P. C. § 4098 [Rem. Comp. Stat., § 3418].

See, also, *Fisk Rubber Co. v. Pinkey*, 100 Wash. 220, 170 Pac. 581; *Citizens' Bank & Trust Co. v. Limpright*, 93 Wash. 361, 160 Pac. 1046.

"He does not owe to the party who puts the paper afloat the duty of active inquiry in order to avert the imputation of bad faith. His rights are to be determined by the simple test of honesty and good faith, not by a speculative inquiry into diligence or negli-

gence. · Although he may have been negligent in taking the paper, and omitted precautions which a prudent man would have taken, nevertheless, unless he acted *mala fide,* his title will prevail. Crawford, Negotiable Instruments Law (2d ed.), p. 54. 'Suspicion of defect of title or the knowledge of circumstances which would excite suspicion in the mind of a prudent man, or gross negligence on the part of the taker, at the time of the transfer, will not defeat his title. That result can be produced only by bad faith on his part.' *Murray v. Lardner,* 2 Wall. 110.'' *McNamara v. Jose,* 28 Wash. 461, 68 Pac. 903.

See, also, *Scandinavian-American Bank v. Johnston,* 63 Wash. 187, 115 Pac. 102.

The fact that respondents knew that the bonds had been purchased by Mrs. Kunze as her separate property does not prove that they acted in bad faith. They had a right to presume that George W. Kunze had personally acquired the bonds or that they were given to him by his wife to be used for the purpose of security. We cannot say that the preponderance of the evidence is against the finding of the trial court.

The judgment is affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.