[No. 23646. *En Banc.* August 8, 1932.]

VICTOR E. FINDEL, *Respondent*, v. OSCAR N. CHESTER et al., *Appellants.*[1]

*John I. O'Phelan*, for appellants.
*John J. Langenbach*, for respondent.

MAIN, J.—This action was brought to recover damages by reason of the depreciation of the value of a fishing boat and the rental value thereof while it was held under attachment. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $381. The defendants moved for a new trial, which was overruled, conditioned upon

[1]Reported in 13 P. (2d) 442.

their electing to take a judgment of $300. The election being made, judgment was entered for this sum, from which the defendants, Oscar N. Chester and the Pacific County Credit Bureau, appeal.

The facts essential to be stated are these: Prior to April, 1930, the respondent resided, with his family, in Tokeland, Pacific county, this state, and was by occupation a crab fisherman. In connection with his work, he owned and operated a fishing boat. Sometime during April, 1930, he sustained an injury, and, being an ex-service man, was taken to the United States Veteran's Hospital at Portland, Oregon, where he remained until November 20, 1930, soon thereafter returning to his home.

October 28, 1930, and while the respondent was in the hospital, the appellant Pacific County Credit Bureau brought an action against him in the superior court of Pacific county to recover the sum of $136.29, and caused a writ of attachment to be issued and placed in the hands of the appellant Oscar N. Chester as sheriff of that county, with directions that he attach the respondent's fishing boat. The sheriff accordingly took and kept possession of the boat from that time until February 6, 1931, during which interval it was considerably damaged. The writ directed the sheriff "to attach and safely keep property not otherwise exempt from seizure and sale upon execution."

January 9, 1931, respondent filed a claim for the exemption of the boat and served copies on each of the appellants. The credit bureau resisted the claim of exemption, and the matter was heard by the court upon affidavits in which the value of the boat was fixed at $500. February 6, 1931, the trial court entered an order sustaining the respondent's claim of exemption, in which the value of the boat was fixed at $500. From this order no appeal was taken.

Sometime in April, 1931, the present action was brought by the respondent for the purpose above stated. Upon the trial, evidence was offered upon the question of whether the sheriff had been guilty of negligence in not taking proper care of the boat while it was in his possession. In submitting the case to the jury, the question of negligence was withdrawn from their consideration, and they were instructed that, if they found that the boat was damaged while in the sheriff's possession, they should fix the amount thereof, and should also determine the reasonable rental value, not to "exceed $81."

The principal question presented upon this appeal is whether it was necessary, as a condition precedent to recovery, to show that the sheriff had been negligent with reference to the boat while it was in his possession; and this depends upon whether the boat, at the time of the levy, was, as a matter of law, exempt from attachment. As above stated, in the action brought by the credit bureau against the respondent out of which the attachment issued, there was an order entered directing its discharge, from which there was no appeal. The order thus entered makes it plain that the attachment was discharged thereby because, in the opinion of the court, the boat, as a matter of law, was exempt from attachment. There being no appeal from that order, so far as present consideration is concerned, it must be accepted that the boat was, in law, not subject to attachment. Whether it was exempt, as a matter of law, under subdivision 6 of § 563, Rem. Comp. Stat., is therefore a question which is not before us at this time and upon which we express no opinion.

The general rule appears to be that, when an officer attaches or takes on execution property exempt

by law, he is a trespasser, and does so at his peril. In 24 R. C. L. 947, it is said:

"It is the general rule that an officer who attaches or takes on execution goods exempt by law is a trespasser; . . ."

In *Nix v. Goodhill*, 95 Iowa 282, 63 N. W. 701, 58 Am. St. 434, upon the question the court expressed this view:

"We think it is a mistaken view that the exempt property of a judgment debtor may rightfully be taken on execution, relying on the exercise of a personal privilege to retake or protect it as exempt. It is protected from interference in such manner both by the law and the face of the writ, which commands the taking of property not exempt from execution. The rule claimed for this personal privilege would permit the judgment creditor to enter the home, and take therefrom provisions and household goods, exempt, with the purpose to vex and harass the debtor into the payment of a debt or judgment."

The cases of *People v. Clements*, 68 Mich. 655, 36 N. W. 792, 13 Am. St. 373, and *Kiff v. Old Colony & Newport Ry. Co.*, 117 Mass. 591, 19 Am. Rep. 429, are to the same effect. Where property is not by law exempt from attachment or execution, a different rule obtains, with which rule we are not here concerned. In the case of *Zelinsky v. Price*, 8 Wash. 256, 36 Pac. 28, the property there involved was not by law exempt. In the case of *Hammersmith v. Avery*, 18 Nev. 225, 2 Pac. 55, the facts are not sufficiently stated to enable it to be clearly determined as to which class the property in that case belonged; but the court at least recognizes the rule, above stated, which applies when the property is exempt as a matter of law. If the boat involved in this case was exempt by law, as we have already seen, then the trial court did not err in withdrawing from the consideration of the jury the ques-

tion of negligence, because that would not be a necessary element in such a case.

■ Some objection is made to the instruction in which the jury were told that they could allow the reasonable rental value of the boat, not to exceed $81. But if there were error in that instruction, a question which we do not decide, it was cured when the court, upon the motion for new trial, directed that the respondent elect to remit this amount from the verdict or a new trial would be granted, and the election was so made.

■ Finally, it is contended that the court erred in refusing to grant a new trial, the motion for which was supported by affidavits. These affidavits, however, are brought here in the clerk's transcript, and not in the statement of facts. This court has many times held that affidavits used upon a hearing in the trial court upon a motion for new trial must be brought here either by bill of exceptions or statement of facts, and that they cannot be considered when they are only embodied in the clerk's transcript, as they are in this case.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, MITCHELL, HOLCOMB, BEALS, HERMAN, and MILLARD, JJ., concur.