[No. 24870. Department Two. April 4, 1934.]

DAISIE B. WEAVER, *Respondent*, v. SEVERT J. STINSON
*et al., Appellants.*[1]

*Chas. R. Sargent,* for appellants.

*C. F. Wallace, Sam R. Sumner,* and *Harvey F. Davis,*
for respondent.

[1]Reported in 31 P. (2d) 510.

BEALS, C. J.—During the month of December, 1928, plaintiff and her late husband, Lewis M. Weaver, were the owners of a tract of land in Chelan county, Washington, and defendants Stinson were the owners of a lot and the dwelling situated thereon in the city of Spokane, which property was then subject to a mortgage in favor of Citizens Savings and Loan Society of Spokane. This mortgage had been executed March 10, 1925, in the sum of fourteen hundred dollars, payable, principal and interest, in monthly installments of eighteen dollars. It seems to be agreed that, in December, 1928, there was due on this mortgage a balance in the sum of $1,127.29. The mortgage provided that the monthly payments of eighteen dollars should be applied first upon interest due, then upon the principal of the loan.

December 8, 1928, the parties agreed to exchange properties. At this time, some of the monthly installments on the mortgage were past due, and by the terms of the agreement between the parties, defendants were to pay the balance of the mortgage on the Spokane home "as per terms of the mortgage." A deed to the Chelan county tract from Mr. and Mrs. Weaver to defendant S. J. Stinson was placed in escrow with the mortgagee of the Spokane county property, under escrow instructions to

"Deliver enclosed papers to S. J. Stinson upon final payment to you of the sum of $1127.29 in the amounts and at the times stated, as follows; as per terms of mortgage N. 1450.

"Interest at 8 per cent; payable monthly. In the event of failure to pay any sum or sums within periods stated for such payment, you are hereby authorized to at once return all papers to Lewis M. Weaver upon demand, and all sums already paid shall be forfeited to the grantor as liquidated damages."

Pursuant to this agreement, Mr. and Mrs. Weaver entered into possession of the Spokane property, and defendants of the Chelan county property. During the year 1930, Mr. Weaver died, and his widow, plaintiff herein, succeeded to the rights of the community. Thereafter, defendants failed to make all of the payments due upon their mortgage against the Spokane property, and plaintiff demanded a rescission of the exchange agreement and offered to reconvey to defendants the Spokane lot.

During the month of December, 1932, plaintiff instituted this action, alleging the transactions between the parties; that defendants had failed to make payments on the mortgage which they had agreed to make, and had refused to redeliver to her possession of the Chelan county property; that she was willing to reconvey to defendants the Spokane lot; and asking that her title to the Chelan county lands be quieted as against defendants.

The issues were made up, and the action proceeded to trial before the court, resulting in the entry of a decree in plaintiff's favor, the decree reciting in part as follows:

"(1) That the plaintiff is the owner in fee simple of the following described lands and premises located in Spokane county, state of Washington, to wit: . . .

"That said premises are subject to certain unpaid taxes which have accrued following the tax year 1928. The amount of said taxes is to the court unknown. That said premises are also subject to a real estate mortgage now held by Citizens Savings and Loan Society of Spokane, Washington. That the amount remaining unpaid on said real estate mortgage at the time of the trial of the above entitled action on to wit the 27th day of April, 1933, was the sum of $667.07 (six hundred and sixty-seven and 07/100 dollars).

"(2) That the plaintiff is the owner in fee simple

of the following described real estate located in the county of Chelan, state of Washington, to wit: . . .

"(4) That as to the Chelan county lands above described in paragraph II, with the exception of that portion thereof described in paragraph III hereof, that the plaintiff should be and she is hereby required, within a period of ten days from and after the date of the signing and filing of this decree, to make, execute, acknowledge and deliver in escrow, as hereinafter provided, a warranty deed to said lands, . . . That the same shall, together with the abstract of title to said lands (which was deposited in escrow with the Citizens Savings and Loan Society of Spokane on December 8, 1928) be deposited in the office of the clerk of the above entitled court and said clerk shall take possession of said abstract and said deed and shall thereafter hold the same in escrow for the plaintiff and defendants, to be disposed of by him according to the directions of this decree hereinafter specified as follows, to wit:

"That in the event that the defendants shall pay, or cause to be paid to the Citizens Savings and Loan Society of Spokane, within a period of ninety (90) days from and after the 27th day of April, 1933, an amount sufficient to bring all payments required to be made under the terms of the mortgage of the said Citizens Savings and Loan Society upon said Spokane county property up to date, and shall file in the office of the clerk of the above entitled court a statement of said Citizens Savings and Loan Society that all payments and arrears under the terms of the above mentioned mortgage on said Spokane county property have been paid, and that no payments under the terms of said mortgage are in arrears; and if the defendants shall also, within a period of ninety (90) days from and after the 27th day of April, 1933, pay into the office of the clerk of the above entitled court for the use and benefit of the plaintiff taxes which were paid by the plaintiff upon the Chelan county lands above described in the sum of $20.16, with interest thereon at the rate of 6% per annum from September 17, 1930, and the further sum of $10.34, with interest thereon at

the rate of 6% per annum from March 10, 1932, and shall make all said payments above specified and all payments which may accrue under said mortgage subsequent to the date of the entry of this decree, and shall within a period of ten days from the date such payments come due under the terms of the said mortgage, file a receipt or statement from said Citizens Savings and Loan Society of Spokane, and the defendants shall accomplish and pay all payments hereby required within a period of ninety days from April 27, 1933; that then the clerk of the above entitled court shall continue in the holding of said deed and abstract to said Chelan county lands in escrow and the defendants shall thereafter make all payments coming due under the terms of said mortgage promptly as and when the same come due, and shall within a period of ten days from and after the date such payments become due file receipts or a statement from the Citizens Savings and Loan Society of Spokane with said clerk showing said payments, and that when all said payments under the terms of said mortgage have been fully made and said mortgage released and discharged, that then the clerk of the above entitled court shall make delivery to the defendants of the said deed of the plaintiff as grantor to the defendants as grantees to said Chelan county lands provided for above to be described in said deed, and shall also make delivery to defendants of the above mentioned abstract.

"That in the event of the neglect, failure or refusal of the defendants to make the payments hereinabove required of them within the times hereinabove specified, or in the event of the neglect, failure or refusal of the defendants to file with said clerk proper statements or receipts from said Citizens Savings and Loan Society of Spokane within the times specified above, that then the plaintiff shall, without any further application to this court, be entitled to have redelivered and returned to her said deed, as grantor, to said Chelan county lands, by said clerk of the superior court, and also said abstract of title; and in such an event the plaintiff shall also be entitled to apply to this court and to receive, after a three days' notice of such appli-

cation having been first given to the defendants or their attorney of record herein of the making of such application and of a desire to be heard thereon, a decree of the above entitled court quieting plaintiff's title to the Chelan county lands to be described in said deed as above provided as against all right, title, estate, lien, claim or interest of the defendants, or either of them, or any person or parties claiming by, through or under the defendants, or either of them, and plaintiff shall be entitled to demand and receive from the defendants, or any person claiming by, through or under them, the possession of the Chelan county lands to be described in said deed from the plaintiff, as grantor as above provided; and that in the event of the neglect, failure or refusal of said defendants, or either of them, or any person claiming by, through or under them, or either of them, to surrender possession of the said premises to plaintiff upon demand, that then plaintiff shall be entitled to have issued herein a writ of assistance . . .

"DONE IN OPEN COURT this 19 day of May, 1933.

"W. O. PARR,
"JUDGE."

Upon the entry of the decree, plaintiff executed the deed to the Chelan county lands required thereby, and placed the same, together with the abstract of title, in escrow with the clerk of the superior court.

Thereafter, under the date July 18, 1933, the secretary of the mortgagee of the Spokane lot wrote to the clerk of the superior court the following letter:

"STATEMENT OF CITIZENS SAVINGS AND LOAN SOCIETY
"ORGANIZED DECEMBER-18-1902
"N. 126 Wall Street
"Phone: Main 6827
"No. 11176
"Spokane, Washington
"Clerk of Court July 18, 1933
"Wenatchee, Washington
"Dear Sir: RE: Weaver-Stinson Case.

"We have received a letter from Mr. Stinson asking us to notify you that his loan is now in good standing.

Mr. Stinson has caught up the back payments, amounting to $148.41, and has paid the payment which was due July 15th.

"The property covered by this mortgage is located at N. 3026 Addison Street, in this city.

"Trusting this is the information necessary, we are

"Very truly yours,
"R. E. Porterfield,
"Secretary."

August 5, 1933, plaintiff filed her motion for an order directing the clerk to deliver to her the deed which he had theretofore placed in escrow pursuant to the decree of May 19, and also asked for a decree quieting her title to the Chelan county property and granting her other relief in accordance with the terms of that decree. This motion was based upon the records and files of the cause and upon plaintiff's affidavit dated August 4, 1933, filed in support thereof, wherein she deposed that there was then due upon the mortgage against the Spokane land the sum of $518.30, and that, if all sums due on this mortgage, according to its terms, up to August, 1933, had been paid, there would, at the date of plaintiff's affidavit, remain due thereon no more than the sum of $180.16, instead of the sum of $518.30. A tabulation showing payments made on this mortgage was attached to plaintiff's affidavit.

Answering plaintiff's motion, defendants appeared and filed the affidavit of their counsel that, on the trial of the action, the evidence had indicated that the delinquent payments due on the mortgage amounted to no more than one hundred and fifty dollars, and that, thereafter, defendants had paid on account of these delinquencies $148.41, together with the July installment, and that defendants had also deposited with the clerk of the court $34.19, covering taxes on the Chelan county property, which plaintiff had paid.

Defendants also filed an affidavit of the secretary of the Spokane mortgagee stating the original loan of fourteen hundred dollars; that the same was to be repaid in monthly installments of eighteen dollars, including interest; that, at the time of the exchange between the Weavers and defendants, there was a balance due on the mortgage in the sum of $1,127.29; that he attached to his affidavit a list of all payments made; that, at the date of his affidavit (August 11, 1933), there was due on the mortgage $518.32, with interest from August 1; that, subsequent to June 1, 1928, no payments had been waived by the mortgagee; and that all payments due since that time, which defendants neglected to pay when due, "have been subsequently caught up and said note is now in good standing." ·

The matter came on regularly to be heard August 12, 1933, and on the 14th day of August, the court entered an order reciting the making of the motion, and that the same

". . . was submitted upon the affidavit of the plaintiff and upon the affidavit of Chas. R. Sargent, attorney for the defendants, as well as upon the affidavit of R. E. Porterfield, secretary and manager of Citizens Savings and Loan Society of Spokane, Washington."

The order then proceeds as follows:

"That said decree provided that that certain mortgage held by Citizens Savings and Loan Society of Spokane which bears date of the 10th day of March, 1925 (which mortgage is a mortgage upon certain real estate described in said decree which is located in Spokane county, Washington, and which mortgage provides for the payment of the principal and interest thereof in installments of $18.00 per month) should have all delinquent payments and all arrears in installments under the terms of said mortgage paid and said mortgage brought up to date so far as back payments

were concerned on or before the 27th day of July, 1933. That in the event that such payments required by the terms of said decree had been made as provided by said decree, that then there would now remain unpaid upon said mortgage upon said Spokane county property the sum of $181.16, whereas in truth and in fact there is actually remaining unpaid upon said mortgage a total sum of $518.32, or that $337.16 should have been paid upon said mortgage by the defendants on or prior to July 27, 1933, in addition to what has actually been paid in order to pay all delinquent payments that have accrued under the terms of said mortgage. That the defendants have paid into the registry of the above entitled court for the plaintiff the sum of $34.19, which amount is still in the hands of the clerk of said court; and the defendants have actually paid since the rendition of the decree upon said Spokane county property mortgage, certain sums of money amounting to the sum of $148.41, together with the July payment of $18.00.

"That for the purpose of enforcing the terms of said decree the court here orders, adjudges and decrees as follows, to wit:

"That the plaintiff shall, within a period of five (5) days from and after the date of the entry of this order make, execute, acknowledge and deliver to the clerk of the above entitled court a quit-claim deed from herself as grantor to the defendants as grantees to the Spokane county property mentioned in said decree of May 19, 1933.

"That upon the plaintiff depositing such a deed with the clerk of the above entitled court, that the clerk of the above entitled court shall be and he is hereby instructed to make delivery to the plaintiff of the warranty deed heretofore deposited by her with the clerk of the above entitled court, together with the abstract of title to the lands described in said deed. That said warranty deed is a deed executed by plaintiff as grantor to defendants as grantees and describes certain lands located in Chelan county, Washington, which lands are particularly described in the decree herein dated May 19, 1933.

"That the defendants shall be and they are hereby permitted to demand from the clerk of the above entitled court and have returned to them the sum of $34.19 heretofore deposited by defendants with the clerk of said court for the plaintiff.

"That upon compliance with the terms of this order by the plaintiff within the time herein provided, that plaintiff shall be entitled to the possession of all the Chelan county lands described in said decree of May 19, 1933, and in the event of the neglect, failure or refusal of the defendants to deliver possession of the lands and premises described in said decree of May 19, 1933, to the plaintiff upon demand, plaintiff shall be entitled to have issued herein a writ of assistance directed to the sheriff of Chelan county, Washington, requiring said sheriff to take from the defendants and deliver to the plaintiff the possession of the Chelan county lands described in said decree herein.

"That upon the said quit-claim deed being deposited with the clerk of the above entitled court by the plaintiff to the Spokane county lands, that the defendants shall be entitled to receive from said clerk a delivery of said quit-claim deed to said Spokane county lands upon defendants making demand of the clerk for said quit-claim deed."

To the entry of this order, defendants excepted, stating that they also excepted to the decree of May 19, 1933, "as interpreted by said order." August 28, 1933, defendants served and filed a notice of appeal stating that they appealed

". . . from the whole of that certain order filed herein August 14, 1933, and also from the decree and all previous orders entered herein involving the merits of the action, especially the decree filed herein May 19, 1933, as interpreted by said order of August 14, 1933, . . ."

Defendants filed, October 4, 1933, a statement of facts containing all the evidence taken on the trial of

the action upon which the decree of May 19 was based, which statement was regularly certified by the trial court and is now before us.

 Respondent has moved to strike the statement of facts and to dismiss the appeal in so far as the same purports to bring before us for review the decree of May 19.

Appellants rely upon Rem. Rev. Stat., § 1716, paragraph 7, which provides that an appeal may be taken

"From any final order made after judgment, which affects a substantial right; and an appeal from any such order shall also bring up for review any previous order in the same action or proceeding which involves the merits and necessarily affects the order appealed from, in case the record sent up on the appeal, or any supplementary record sent up before the hearing thereof, shall show such previous order sufficiently for the purposes of a review thereof."

The order entered August 14 is an appealable order, having been made after judgment and affecting a substantial right of the parties. The decree of May 19, however, was the final adjudication of the rights of the parties. This decree provided for certain future contingencies, and directed the results which should follow from the action or non-action of the defendants in the action, appellants here. The decree is clear and comprehensive, and finally determined the rights and obligations of the respective parties to the action. No application was made for modification of this decree, nor was any appeal therefrom taken within the time limited by law.

The decree does not come within the scope of Rem. Rev. Stat., § 1716, paragraph 7, *supra,* as a "previous order in the same action or proceeding," etc., and can not now be reviewed upon appellants' appeal from the

August order. The decree of May 19 is not now assailable, and the statement of facts containing the evidence upon which this decree was entered is not pertinent to any question now before us for determination. Respondent's motion to strike the statement of facts is granted.

The only questions now before us for review concern the order of August 14. If this order in any manner transcends the decree therefore entered in the action, appellants may be entitled to relief.

■ The affidavits upon which the order of August 14 was based have been brought here in appellants' transcript and not by way of a statement of facts. Respondent has moved to strike these affidavits, basing her motion upon the ground that the same, being contained only in the transcript, are not properly before us. Each of these affidavits is specifically named and referred to in the order appealed from, the order reciting that the motion was submitted upon the three affidavits above referred to.

In the case of *State v. Vance,* 29 Wash. 435, 70 Pac. 34, it was held that a reference to an affidavit in the order of the court denying a motion made the affidavit a part of the record, and that the same need not be brought before us by way of a statement of facts. The situation here presented clearly falls within the rule there laid down, and respondent's motion to strike the affidavits from the transcript is overruled.

■ It is evident that the dispute between the parties arises because of the fact that appellants had, at some time early in the history of the transaction, failed to make some of the payments due on the mortgage as the same fell due according to the terms thereof. The decree of May 19 is clear and unambiguous. By this

decree, appellants were required to pay, within ninety days from April 27, 1933,

". . . an amount sufficient to bring all payments required to be made under the terms of the mortgage of the said Citizens Savings and Loan Society upon said Spokane county property up to date, and shall file in the office of the clerk of the above entitled court a statement of said Citizens Savings and Loan Society that all payments and arrears under the terms of the above mentioned mortgage on said Spokane county property have been paid, and that no payments under the terms of said mortgage are in arrears; . . ."

The statement filed by the mortgagee does not definitely comply with the above quoted provision of the decree. In the statement, the mortgagee certifies that the "loan is now in good standing. Mr. Stinson has caught up the back payments, amounting to $148.41." The loan might be in good standing because of the fact that the mortgagee has waived strict compliance with the terms of the mortgage.

The decree calls for much more than this. It requires appellants to make all payments due according to the terms of the mortgage. At the time of the trial of the action, the determination of the payments which should have been made according to the terms of the mortgage required merely an arithmetical calculation. By its decree, the trial court required appellants to make these payments. The decree is binding upon all parties, and the order of August 14 does not modify the same, but merely enforces its provisions.

We find nothing in the affidavits upon which the order of August 14 was based which indicates that the order was erroneously entered. Appellants contend that the order "interprets" the decree. The decree needs no interpretation, its language being clear and

unambiguous. The order appealed from simply executes the decree, and the court was clearly justified, pursuant to the decree, in ruling as it did.

The order appealed from is hereby affirmed.

HOLCOMB, TOLMAN, BLAKE, and GERAGHTY, JJ., concur.