[No. 25075. Department One. July 23, 1934.]

THE STATE OF WASHINGTON, *Respondent*, v. JOE
COLOMBO, *Appellant*.[1]

*Snively & Bounds,* for appellant.
*O. Sandvig* and *M. C. Delle,* for respondent.

MILLARD, J.—Joe Colombo and Joe Kowol were
charged by information with the crime of robbery, in
that they procured Glenn Nettles and Frank Laws to
take, by robbery, from the lawful custodians thereof,
personal property (narcotics) of Yakima county.
Laws and Nettles were arrested and charged with the
same crime in a different information. They pleaded
guilty, were sentenced to the penitentiary at Walla
Walla, and were serving their sentences at the time

[1]Reported in 34 P. (2d) 897.

of Colombo's trial. They testified that, at the instigation of Colombo and Kowol, they committed the robbery, turned the narcotics over to Colombo the night of the robbery, and were paid twenty dollars by Colombo for committing the crime. Kowol, who was arrested on another charge, was released on bail, whereupon he fled and was absent at the time of the trial of Colombo. The trial resulted in verdict of guilty as to Colombo, who prosecutes this appeal from the judgment and sentence pronounced in accordance with the verdict.

Appellant first complains of being compelled to stand trial in the absence of his co-defendant Kowol. The record fails to disclose that appellant at any time objected to the trial which resulted in his conviction. It follows that he may not, for the first time, on appeal successfully urge the objection.

Appellant next contends that the court erred in permitting Laws and Nettles to testify respecting conversations had with Kowol and with employees at the county poor farm (scene of the robbery) in the absence of appellant. The testimony of Laws and Nettles is recorded on pages 29 to 41 and 46 to 100 of the statement of facts. We find no objection was interposed by appellant to any of the testimony relating to the conversations in question. In the absence of objection to the evidence, we can not review this assignment. *State v. Bezemer,* 169 Wash. 559, 14 P. (2d) 460.

The assignment that the court erred in permitting testimony of conversations between Charles Lowenthal and Rena Colombo, in the absence of the appellant, is not argued in appellant's brief, therefore we deem it waived.

The assignment that the court erred in refusing to grant a new trial, the motion for which was

supported by affidavits, can not be reviewed in view of the fact that the affidavits are brought here in the clerk's transcript, and not in the statement of facts. *Findel v. Chester,* 169 Wash. 151, 13 P. (2d) 442.

The assignment that the court erred in failing to instruct the jury to disregard the remarks of the prosecuting attorney in his address to the jury, and the assignment that the court erred in failing to declare a mistrial due to the misconduct of state's counsel in his argument to the jury, are devoid of merit.

The court instructed the jury to disregard all statements of counsel not borne out by the evidence. It also fairly appears that the language used by the prosecutor in depicting the appellant was, as we said in *State v. Adamo,* 128 Wash. 419, 223 Pac. 9,

" . . . the prosecutor's inferences and deductions from the testimony, and these he had a right to draw and express to the jury. What was thus said was not prejudicial."

The judgment is affirmed.

BEALS, C. J., MITCHELL, MAIN, and STEINERT, JJ., concur.