[No. 24950. Department One. July 23, 1934.]

GEORGE H. WEBB, *Respondent*, v. AGNES WEBB, *Appellant*.[1]

*Stratton & Kane (Herbert S. Little,* of counsel), for appellant.

*Shorett, Shorett & Taylor* and *Evans & McLaren,* for respondent.

MITCHELL, J.—This action was brought by George H. Webb against Agnes Webb for a divorce. Summons and complaint were personally served on her. Thereafter, an interlocutory decree of divorce was entered in favor of the plaintiff after an order of default had

[1]Reported in 34 P. (2d) 920.

been duly entered against the defendant. Subsequently, the defendant moved to vacate the interlocutory decree taken by default, due, it was alleged, to inadvertence and excusable neglect on the part of the defendant. The motion was denied. The defendant has appealed.

It appears from the transcript filed in this court that affidavits were filed in the superior court for and against the granting of the motion to vacate the interlocutory decree of divorce, but the affidavits are in no way authenticated by the trial judge. The order denying the motion to vacate is general in its terms. There is no statement of facts or bill of exceptions covering the affidavits or the hearing upon the motion.

Such being the record, the respondent has moved to dismiss the appeal. Under our repeated holdings, the motion will have to be granted. In *Marsh v. West Fir Logging Co.*, 154 Wash. 137, 281 Pac. 340, we said:

"No bill of exceptions or statement of facts has been brought before us. Several affidavits filed on behalf of appellants are contained in the transcript, but, as we have repeatedly held, affidavits cannot be considered by this court on appeal unless brought before us by bill of exceptions or statement of facts, so that it may be known that, in passing upon the rulings of the trial court sought to be reviewed, this court has before it evidence which was considered by the trial court in making the rulings complained of, and all of the material evidence upon which such rulings were based."

To the same effect, see *Walker v. Walker*, 151 Wash. 480, 276 Pac. 300; *Findel v. Chester*, 169 Wash. 151, 13 P. (2d) 442.

The order appealed from was upon a question of fact, and cannot be reviewed without the testimony,

whether oral or by way of affidavits, being brought here by bill of exceptions or statement of facts.

The motion to dismiss the appeal is granted.

BEALS, C. J., MAIN, STEINERT, and MILLARD, JJ., concur.