[No. 25310. Department Two. November 1, 1934.]

Du Pont Cellophane Company, Inc., *Respondent,* v. A. H. Kinney *et al., Appellants.*[1]

*Earl W. Husted* and *G. D. Eveland,* for appellant.

*Tom W. Holman,* for respondent.

Per Curiam.—■ A motion to strike certain affidavits brought up in the transcript on appeal herein because not made a part of any statement of facts proposed by appellants, to wit, the affidavits of Tom W. Holman, C. A. Tiffany, Allen Hitchings, Roy Betts, and counter affidavits of Gordon D. Eveland, Robert G. Davis, A. H. Kinney, and Iver H. Cederwall, is not well based, for the reason that they are specifically referred to in an order modifying, in a certain par-

[1]Reported in 36 P. (2d) 1061.

ticular, the original decree of the trial court made and entered on April 17, 1934. The matters are governed by our decisions in *State v. Vance,* 29 Wash. 435, 70 Pac. 34; *Hayworth v. McDonald,* 67 Wash. 496, 121 Pac. 984; *Weaver v. Stinson,* 177 Wash. 140, 31 P. (2d) 510; *State v. Miller,* 177 Wash. 442; 32 P. (2d) 535; *Webb v. Webb,* 178 Wash. 309, 34 P. (2d) 920.

The motion to strike the affidavits is therefore denied.

A motion is also made to dismiss the appeal because of failure to give notice of appeal to the surety on the bond given to the state of Washington, failure to give notice of appeal to the state of Washington, a codefendant in the lower court, failure to give notice of appeal to the secretary of state, a codefendant in the lower court, and omission on the part of appellants to serve and file their opening brief in the time prescribed by law.

The surety company was not a party appearing in the action in the lower court and had no interest therein. It was therefore unnecessary to serve it with a notice of appeal. *Norbom Engineering Co. v. Cox & Co.,* 120 Wash. 675, 208 Pac. 87; *Stone-Easter v. Seattle,* 121 Wash. 520, 209 Pac. 687, 215 Pac. 56.

A notice of appeal is required to be served only upon a co-defendant who has the right of appeal. The state and the secretary of state were not affected by the judgment entered against the principal appellant, and therefore are not necessary parties on appeal. *Sipes v. Puget Sound Electric Railway Co.,* 50 Wash. 585, 97 Pac. 723; *Wellman v. Jensen,* 123 Wash. 310, 212 Pac. 183; *Thompson v. Mitchell,* 128 Wash. 192, 222 Pac. 617; *Sheffield v. Baker,* 144 Wash. 1, 255 Pac. 924.

The failure to file briefs within the time required by rule and statute is not a jurisdictional

272

matter. The transcript has been filed within the time required by law. *Wellman v. Jensen, supra; State v. Terrien,* 111 Wash. 345, 190 Pac. 1017.

We have held in several cases that, the failure to file briefs not being jurisdictional, the court may, for cause, extend the time and permit the brief to be filed on or before the expiration of the extended period. Under the circumstances shown here, appellants are granted thirty days from the time of the filing of this order in which to prepare and file a brief on appeal.