[No. 32147.   Department One.   March 23, 1953.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD F.
PRINCE, *Appellant*.[1]

*Lester Stritmatter,* for appellant.

*Don G. Abel* and *John W. Schumacher,* for respondent.

OLSON, J.—Defendant has appealed from the judgment and sentence entered upon the verdict of a jury convicting him of the crime of nonsupport of his two minor children.

In his oral argument, defendant's counsel requested that we disregard all but two of the assignments of error claimed in his brief. Each of these can be considered without stating the facts supporting the accusation against defendant.

His first contention is that he should have a new trial because of prejudicial statements made by the prosecutor regarding defendant's failure to support his children between the last date charged in the information and the

[1]Reported in 254 P. (2d) 731.

time of trial. The prosecutor did not refer to this subject before final argument except in his questions to witnesses. Defendant objected to only two of these questions and does not claim that the rulings on these objections were erroneous.

On several occasions, evidence upon this subject was admitted without objection. The closing remarks of the prosecuting attorney to the jury were confined to the evidence and reasonable inferences to be drawn from the evidence and were within the scope of the court's instructions. His argument was proper and cannot support a claim of misconduct to obtain a new trial. See *State v. Colombo*, 178 Wash. 298, 300, 34 P. (2d) 897 (1934), and case cited; *State v. Van Luven*, 24 Wn. (2d) 241, 243, 163 P. (2d) 600 (1945).

Defendant's other contention is that the court should have given his proposed instruction reading as follows:

"You are hereby instructed that if you find from the evidence that the defendant and his wife entered into an agreement that he would not be expected to support the children if a divorce were granted then you must necessarily find that he did not wilfully refuse to support his children and you will return a verdict of Not Guilty."

If he would defend this action because he had an agreement with his former wife that she would support the children, he must show not only that she agreed to support them, but that she had sufficient means for that purpose and that he relied upon the agreement in good faith. *State v. Tucker,* 151 Wash. 218, 219, 275 Pac. 558 (1929). The latter two essential elements of this defense are lacking from the proposed instruction, and the court did not err in refusing to give it to the jury.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.